FRANK MUZIK, ADMINISTRATOR OF MICHAEL MUZIK, DECEASED, PETITIONER-DEFENDANT, v. ERIE RAILROAD COMPANY, DEFENDANT-PROSECUTOR.

Submitted July 3, 1913—Decided January 8, 1914.

Where under the act entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation, and regulating procedure for the determination of liability and compensation thereunder" (*Pamph. L.* 1911, *p.* 134), sometimes called "The Workmen's Compensation act of 1911," a railroad employe was found after a train had gone out, lying some three or four feet from the rails, with his feet toward the track, having an injury in his head, and died shortly thereafter from a broken neck, it was *held* that an inference arose that his injury was caused by accident arising out of and in the course of his employment.

---

On *certiorari.*

Before Justices SWAYZE, BERGEN and VOORHEES.

For the prosecutor, *Collins & Corbin, Robert J. Bain* and *Carl M. Herbert.*

. For the defendant, *Michael Dunn.*

The opinion of the court was delivered by

VOORHEES, J. This case arises under the act entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation, and regulating procedure for the determination of liability and compensation thereunder." *Pamph. L.* 1911, *p.* 134, sometimes called "The Workmen's Compensation act of 1911."

The first point made by the defendant is that there is no evidence that Muzik's death was caused by an accident in the course of his employment. It is true that no direct evidence of these facts was produced. The man was found after the train had gone out, some three or four feet from the railroad, lying with his feet toward the track, with an injury in his head, and died shortly, the case being one of a broken neck.

The Bergen County Common Pleas found that the deceased came to his death by accident, while in the railroad's employ, and in the course of it. I do not think that we can question this finding. The facts shown clearly indicate that the de-, ceased was struck by the train after he had given the way-bills in pursuance of his duty as such employe, to the train agent, and this, of course, would be while in the course of his employment. While it is true there are many cases outside of the State of New Jersey holding that the claimant must prove that the applicant was injured in an accident arising out of and in the course of his employment, I do not think the inference in this case varies the rule. See *Pomfret* v. *Lancashire, &c., Railway Co.* (1903), 2 *K. B.* 718; 19 *T. L. R.* 460. The distinction between that case and the one at hand being the fact that there was no proof at all of the cause

of the injuries resulting in death. See also, *Nicholas* v. *Dawson,* 15 *Id.* 242; *McDonald* v. *Owner of S. S. Banana* (1908), 2 *K. B.* 926; 24 *Id.* 887; *Bender* v. *Owners of S. S. Kent* (1909), 2 *K. B.* 41; 100 *L. T.* 639; *Gilbert* v. *Owners of Nizam,* 79 *L. J. K. B.* 1172.

The second point is that the petitioner and his family were not entirely dependent upon the deceased. I do not think this is well taken. Our statute says: *"Actual dependents"* which must mean *"dependents in fact."* Here they were dependents in fact, so that if the injured person is entitled to recovery, it was proper under the authority of the court to determine the facts underlying the compensation.

The judgment, however, is not properly entered. It should have been $5 for three hundred weeks, and not for $1,500. This will require sending the record back for correction. I think this error is pointed out among the reasons stated for reversal, although they do not set out that no commutation seems to have been applied for by either party, as required by section 21 of the act. Assuming its absence, the judgment will have to be reversed, in order that the case may go back to the lower court to be corrected in both these particulars.

Judgment reversed.