(Supreme Court, Appellate Division, First Department. November 19, 1915.)

APPEAL AND ERROR ☞1094—QUESTIONS OF FACT—FINDING—REVERSAL.

 See, also, 154 N. Y. Supp. 1129.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

---

### KINGSLEY v. DONOVAN et al. (No. 237/46.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

MASTER AND SERVANT ☞250¾, New, Vol. 16 Key-No. Series—WORKMEN'S COMPENSATION LAW—INJURY IN COURSE OF EMPLOYMENT—FINDING.

 Under Workmen's Compensation Act (Consol. Laws, c. 67) § 20, making the decision of the State Compensation Commission final as to all questions of fact, and section 21, declaring that without substantial evidence to the contrary it shall be presumed that the injury comes within the provision of the law, a finding of the Commission that the plaintiff's loss of his fingers in the chain guard of his motorcycle, occasionally used on the employer's business, and which was cared for during working hours without objection, was not unreasonable.

 Smith, P. J., dissenting.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from State Compensation Commission.

Proceeding under the Workmen's Compensation Law by Harry H. Kingsley for compensation to himself for personal injury, opposed by William F. Donovan, employer, and the Fidelity & Casualty Company of New York, insurer. Compensation was awarded, and the employer and the insurer appeal. Award affirmed.

This is an appeal by the employer and insurance carrier from an award of the State Compensation Commission. The facts are stated in finding 2 of the Commission, as follows: On said date, and for some time prior thereto, said Kingsley had come to his work on a motorcycle, which was owned by himself, and had used the said motorcycle for going to and from jobs, with the knowledge and consent of his employer, but was not paid extra for the use of the motorcycle by the employer. On said date he arrived at his employer's place of business at 7 a. m. to start work, and placed his motorcycle against a tree on the property adjoining the premises of his employer, and started to clean the clutch, so that the machine might be in proper working order for the day. While so doing he caught his fingers in the chain guard, which resulted in the traumatic amputation of the distal phalanges of the first and second fingers of the right hand. The Commission also finds that the injuries arose out of and in the course of his employment. This finding of fact is attacked as against the evidence.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Dickinson & Duffey, of Cortland (Henry A. Dickinson, of Cortland, of counsel), for appellants.

The Attorney General, E. C. Aiken, Deputy Atty. Gen., and Jeremiah F. Connor, of New York City, for Workmen's Compensation Commission.

JOHN M. KELLOGG, J. The appellants contend that the accident was not one arising out of and in the course of the employment. There is some evidence tending to prove those facts, and under sections 20 and 21 of the Workmen's Compensation Law the decision of the Commission is conclusive upon the facts. Clearly, if the bicycle was only used for the convenience of the claimant in bringing him to and from his place of work, the case would not be within the act. But the evidence shows that from time to time it was used in the business in going to and from the work off the premises, and that at other times, when it had been cared for during working hours, no question had been raised by the employer. It could not be used in the business, unless kept in proper condition. The fact that the workman was engaged upon it near the place of business and during business hours, and that it was frequently used in the business, do not make the findings of the Commission unreasonable.

The award is therefore affirmed. All concur, except SMITH, P. J., who dissents.