In the Matter of the Claim of BELLE NEWMAN, Claimant, against GEORGE H. NEWMAN et al., Respondents.

STATE INDUSTRIAL COMMISSION, Appellant.

**Workmen's Compensation Law — workman injured by accident occurring in the course of employment, which is not hazardous, cannot recover.**

Deceased was employed driving a meat delivery wagon, acting both as driver and delivery man. Among other duties, he occasionally delivered meat at places near the market, going to and from on foot. The wagon was not used for deliveries after seven P. M. He was injured later in the evening while on his way on foot to deliver a package of meat by falling on a pail containing broken glass and severing a varicose vein, causing a hemorrhage which resulted in his death. *Held*, that although the accident occurred in the course of the employment, it did not arise out of any employment defined as hazardous. The injury had no causal relation to a hazardous employment defined by the act; neither was it incidental thereto. (L. 1914, ch. 41, § 2, subds. 30, 41; § 3, subd. 4.)

*Matter of Newman* v. *Newman*, 169 App. Div. 745, affirmed.

(Argued May 24, 1916; decided June 6, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 9, 1915, reversing an award of the state indus-

trial commission and disallowing and dismissing a claim for compensation under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Egburt E. Woodbury, Attorney-General (E. C. Aiken* of counsel), for appellant. The death of claimant's intestate arose out of and in the course of his employment. (*Costello* v. *Taylor*, 217 N. Y. 169; *Dale* v. *Saunders Bros.*, 218 N. Y. 59; *Valentine* v. *Smith Angevine Co.*, 216 N. Y. 763; *Bett* v. *Hughes*, 8 B. W. C. C. 362; *Larsen* v. *Paine Drug Co.*, 218 N. Y. 252; *Pierce* v. *Provident C. & S. Co.*, 4 B. W. C. C. 242; *M'Neice* v. *Singer S. M. Co.*, 4 B. W. C. C. 351; *Turgeon* v. *Fox Co.*, 1 Cal. Ind. Acc. Comm. Dec. 7; *Gaffney* v. *Travelers' Ins. Co.*, Mass. Workm. Com. Cas. 339.)

*Bertrand L. Pettigrew* and *Walter L. Glenney* for respondents. The death of claimant's intestate did not result from an accidental personal injury arising out of, or in the course of a hazardous employment as defined in the New York State Workmen's Compensation Law. (*Kohler* v. *Frohmann*, 167 App. Div. 533; *McQueeny* v. *Sutphen & Myer*, 167 App. Div. 528.) The injuries sustained by the claimant's intestate did not arise out of his employment. (*Warner* v. *Couchman*, 105 L. T. Rep. 676; *Rodger* v. *P. S. Board*, 40 Sc. L. R. 413; *Hopkins* v. *M. Sugar Co.*, 150 N. W. Rep. 325; *Robson, Eckford & Co.* v. *Blakey*, 49 Sc. L. R. 254.)

CHASE, J. The agreed statement of facts on which the claim herein is based is as follows: "Deceased was employed by George Newman, proprietor of a meat market at Oneida, N. Y., and his principal duties were that of driving a meat delivery wagon, acting both as driver and delivery man. Occasionally he also assisted in the

abbatoir; and occasionally, when not engaged in his principal duties, he assisted in cutting and preparing meat for the purpose of retail sale, in accordance with the usual custom of a clerk in a retail meat store; also occasionally delivered meat in places very near the market, going to and from on foot. The wagon and horse was not used for deliveries after 7 P. M.

"On the night of the accident the deceased stopped delivering with the horse and wagon about 7 P. M., and worked in the market cutting and preparing meats in the aforesaid manner until 10 o'clock P. M., and was injured while on his way on foot to arrange with one Dungey for the preparation and care of a dressed hog, purchased by George Newman, to be called for the following Friday. At the time of the accident deceased had a package of meat for delivery to a near-by flat. The place where he was injured was on the way he would take to go from the market to the flat." As the employee was proceeding from the market on his way to the flat where the meat was to be delivered he fell on a pail containing broken glass and severed a varicose vein causing a hemorrhage which resulted in his death the next day.

Compensation under the Workmen's Compensation Law (Cons. Laws, chap. 67) is only payable for injuries sustained or death incurred by employees engaged in certain employments defined as hazardous and enumerated in forty-two groups stated in subdivisions of section 2 of said chapter. The only groups or subdivisions which it is claimed are applicable to this case are two numbered 30 and 41.

Said section provides: "Compensation provided for in this chapter shall be payable for injuries sustained or death incurred by employees engaged in the following hazardous employments:" The groups or subdivisions follow, and group 41 provides:

"The operation, otherwise than on tracks, on streets, highways, or elsewhere of cars, trucks, wagons or other

vehicles, and rollers and engines, propelled by steam, gas, gasoline, electric, mechanical or other power or drawn by horses or mules."

Assuming that the deceased while engaged in the delivery of meat with a horse and wagon and in any work under his employment incidental thereto would come within group 41 quoted, such provision of the act is inapplicable to the facts enumerated because the employee was not at the time either directly, indirectly, or incidentally engaged in the operation of a wagon propelled by a horse.

The accident occurred after ten P. M. The horse and wagon were not used after seven P. M.

Group 30 provides: "Packing houses, abbatoirs, manufacture or preparation of meats or meat products or glue."

The employee was not engaged in a packing house. It does not appear what relation the abbatoir bore to the meat market. They were apparently independent, but it may perhaps be assumed that the abbatoir referred to in the statement was a place where animals were slaughtered to obtain the meat used in the market. The statement shows that no work was being conducted at the abbatoir at the time of the accident, certainly not by the employee whose death occurred as stated.

It is not necessary for us at this time to decide whether the legislature intended to include in the words "manufacture or preparation of meats, or meat products or glue," cutting and preparing meat for the purpose of retail sale. Even if we assume that such work performed in an ordinary meat market is a hazardous employment within the meaning of the act, Newman was not engaged at the time of the accident in such hazardous employment, because he was not at the time cutting and preparing meat for the purpose of retail sale, or doing any act incidental to the cutting and preparation of meat.

Delivering meat is a part of the business of a market-

man as a tradesman and not as a manufacturer of "meats, or meat products, or glue."

"An employee" is defined by the act (§ 3, subd. 4) to be "A person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant, or in the course of his employment away from the plant of his employer."

The accident under consideration occurred in the course of the employment, but it did not arise out of any employment defined as hazardous.

The injury must be sustained in connection with or incidental to the hazardous employment.

We are of the opinion that the unfortunate accident to the claimant's husband has no causal relation to a hazardous employment defined by the act, neither was it incidental thereto.

The order should be affirmed, with costs against the appellant.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Order affirmed.