Jenks, P. J., Carr, Stapleton and Putnam, JJ., concurred.

Judgment for plaintiff upon agreed statement of facts, without costs.

---

Before State Industrial Commission, Respondent.

In the Matter of the Claim of Frances A. Brown, Respondent, for Compensation to Herself under the Workmen's Compensation Law, *v.* Richmond Light and Railroad Company, Employer, and The Travelers Insurance Company, Insurance Carrier, Appellants.

Third Department, June 30, 1916.

Workmen's Compensation Law — hazardous employment — process server injured while returning in employer's cars — award reversed and complaint dismissed.

On appeal from an award of the State Industrial Commission, it appeared that claimant's son, employed as a process server, claim adjuster and investigator in the claim department of the defendant, a street railway company, had been to serve a subpœna, and while returning to the office, riding upon one of the defendant's cars, a fellow-passenger accidentally stepped upon his foot, severely bruising it, requiring an ampu-

tation of two toes, and resulting in gangrenous diabetes, causing his death. *Held*, upon reversing the award and dismissing the claim, that the deceased was not entitled to compensation under the Workmen's Compensation Law as, though an employee of the defendant at the time of the injury, he was not engaged in any hazardous work as defined by the statute.

APPEAL by the defendants, Richmond Light and Railroad Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 3d day of February, 1916.

*Amos H. Stephens* [*E. Clyde Sherwood* of counsel], *William B. Davis* with him on the brief, for the appellants.

*Egburt E. Woodbury,* Attorney-General [*E. C. Aiken* of counsel], for the respondent.

KELLOGG, P. J.:

The employer is operating street railways and a public lighting system on Staten Island. George R. Brown, the claimant's son, was employed by it " as a process server, claim adjuster and investigator * * *. His duties were entirely in reference to claims for damages against said Company, and he was connected with the claim department of the Company." On April 9, 1915, he had been to New Rochelle to serve a subpœna and was returning to the office, riding upon one of the defendant's cars. " A fellow passenger stepped upon his foot accidentally, severely bruising the foot, requiring the later amputation of two toes of the left foot, which resulted in gangrenous diabetes, causing his death on May 4, 1915."

By section 2 of the Workmen's Compensation Law, compensation is payable for injuries sustained or death incurred by employees engaged in the following hazardous employments:

" Group 1. The operation, including construction and repair, of railways operated by steam, electric or other motive power, street railways, and incline railways, but not their construction when constructed by any person other than the company which owns or operates the railway, including work of express, sleeping, parlor and dining car employees on railway trains."

" Group 12. Construction, installation or operation of elec-

tric light and electric power lines, dynamos, or appliances, and power transmission lines."

In determining whether the intestate received his injury while engaged in a work or occupation declared a hazardous employment we may consider certain definitions in section 3 of the law. By subdivision 1 "hazardous employment" means a work or occupation described in section 2. By subdivision 3 an "employer" is a person employing workmen in hazardous employments. By subdivision 4 an "employee" is a person engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises, or at the plant, or in the course of his employment away from the plant of his employer.

The decedent was not in any manner employed upon, about, or in connection with the tracks or cars of the railroad, and had nothing to do at, about or in connection with the electric light and power lines, dynamos or appliances of the company. His employment was in the claim department of the company, which had nothing to do with the cars, the tracks or the electric lines or appliances. His duties, and the hazards attending them, were in all respects the ordinary duties of an investigator, a process server or claim adjuster, found in many of the large law offices. The fact that the decedent was employed by this corporation rather than a corporation carrying on any other extensive business employing a like service, does not make his work more hazardous. The fact that he was riding upon the car of the defendant rather than upon the car of another company, did not add to the hazards of the employment. In performing his duties it was necessary for him at times to go from one place to another. In doing so he might walk, ride upon a bicycle, a public bus, the car of another company, an automobile or other vehicle. At the time he was injured he was riding upon the car of his employer. If he had been riding upon the car of another company, or in a bus, and had received a similar injury, it would be a very strict rule which would hold that he was not within the law but would have been if he had been riding upon defendant's car. In a sense the uptown ticket agent of a railroad company, at an office a mile or so from the railroad track, whose only

duty is to sell tickets over the counter, is engaged in operating a railroad, for the sale of tickets is. a necessary incident to carrying passengers, but if such an employee fell while passing from one room to another in his office, it could not fairly be said that his injury arose out of the hazardous business of operating a railroad. He was not engaged in that work or occupation, but was a mere clerk, selling tickets at a distance from the railroad, and having no physical connection with the railroad or its operation. If the decedent was operating a railroad, it is difficult to see why the stenographer in the office of the law department was not also operating a railroad. The statute is intended to protect employees engaged in hazardous works and occupations, and has defined the employments which the Legislature deems hazardous. To be within the legislative intent, the work or occupation must subject the employee to the hazards contemplated by this law. The decedent was riding upon the car, not as an employee in the performance of a duty relating to the car, its operation or its passengers, but was a passenger for his own personal convenience. He was subject to the same hazards as any other passenger in the car, and the hazard came, not because he was operating a railroad, but because he was riding in a car, and the hazards, so far as the accident is concerned, were no greater upon the car than they would have been upon a bus or at any public place where people assemble. He was not necessary to or an incident to the operation of the car, and had no duty upon the car. The conductor, the engineer, the trainmen, possibly the stenographer, librarian and barber employed by a company upon a limited car, may be considered as engaged in its operation, as according to the rules of the company their presence and the performance of their respective duties are necessary for the operation of the car. But the decedent had no such relation to this car and was not in any way connected with its operation. The mere fact that an employee is in the service of a railroad company does not bring him within the act; he must be engaged in the hazardous work or in some way be subject to the hazards arising from the nature of the work.

In *Matter of Sickles* v. *Ballston Refrigerating S. Co.* (171 App. Div. 108) the claimant was in the employ of a cold storage

company at Ballston Spa, N. Y., but at the time of the injury was buying fruit in West Virginia for the company. It was held that he was not injured while engaged in the hazardous employment of "storage" under group 29.

In *Matter of Newman* v. *Newman* (169 App. Div. 745) the claimant was driving a delivery wagon for a butcher and meat dealer, but had stabled his horse, and later in the evening while carrying a piece of meat to a customer fell over a pail of glass upon the walk and was injured. It was held that he was not engaged in the hazardous employment of operating his vehicle when injured.

*Matter of Aylesworth* v. *Phœnix Cheese Co.* (170 App. Div. 34) and *Matter of Gleisner* v. *Gross & Herbener* (Id. 37) are along the same lines.

We conclude, therefore, that the claimant is not within the Workmen's Compensation Law. The award should, therefore, be reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.