track is simply elevated at the point in question and built on a trestle, so as to serve the convenience of the relator and the lighting company in unloading coal at this point for the use of the lighting company. If the track were removed at this point, there would be nothing left. The coal pit, so called, is not, properly speaking, the name of a structure, but the designation of a place over which the side track extends. It really means substantially nothing except the side track itself so adjusted and built as to subserve the convenience of the parties, and any direction given by the commission in the order complained of concerning the coal pit means only the side track as constructed at that point with reference to the use for which said side track is maintained.

The trestle has been reconstructed by the lighting company according to specifications furnished by and acceptable to the relator, and the expense thereof to the lighting company, including certain grading essential to the proper use and enjoyment of the so-called coal pit, is stated to have been about $1,000. Whether the commission should or could under the statute order such a structure to be provided is a question not here involved, because it has been provided by the lighting company at its own expense with the consent of the relator, and the only question now is as to the power of the commission to give directions concerning the maintenance of the side track of the relator built upon this trestle. The commission could certainly order the side track to be built by the relator up to the property of the lighting company, so as to unload the coal directly thereon. The trestle and coal pit, so called, are there by the consent of the relator, and we think the commission has ample authority under the statute to give directions as to the proper maintenance and operation of the track upon the trestle.

[2] Relator also urges that the commission exceeded its authority in not permitting the relator to discontinue the use of the side track on 30 days' notice; but the statute seems to give ample power to the commission to order the continuance or discontinuance of the side track and connection on such terms and conditions as may be proper. The relator, having permitted the lighting company to reconstruct the trestle at considerable expense, certainly cannot now arbitrarily impose on it the condition that the side track may be discontinued at the will of the relator on 30 days' notice, and the commission was clearly within its statutory power in declining to make the lighting company subject to such a condition.

The determination should be confirmed, with $50 costs and disbursements. All concur.

---

(173 App. Div. 865)

### MILLER et al. v. TAYLOR.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

MASTER AND SERVANT ⬅375(1)—WORKMEN'S COMPENSATION LAW—INJURY "ARISING OUT OF EMPLOYMENT."

The injuries to an express company's employé by being struck by an automobile, while crossing a street on his way from the motor express

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

truck he drove to deliver an express package, arose out of his employ-ment within the Workmen's Compensation Law (Consol. Laws, c. 67).

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☞375(1).]

Appeal from State Industrial Commission.

Proceedings under the Workmen's Compensation Law by Priscilla A. Miller and her minor child, and Catherine R. Miller, to obtain com-pensation for the death of Clarence R. Miller, opposed by George A. Taylor, president of the American Express Company, employer and self-insurer. Compensation was awarded, and the employer appeals. Award affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-WARD, and COCHRANE, JJ.

Rogers, Locke & Babcock, of Buffalo (Evan Hollister, of Buffalo, of counsel), for appellant.

Egburt E. Woodbury, Atty. Gen., and Robert W. Bonynge, of New York City, counsel to State Industrial Commission (E. C. Aiken, Asst. Atty. Gen., of counsel), for respondents.

LYON, J. The single question involved upon this appeal is whether the accidental injury causing the death of deceased arose out of his employment. The American Express Company was engaged in a general express business. The deceased was the driver of one of its motor trucks at Buffalo, N. Y. Prior to that, he was the driver of one of its wagons. On December 2, 1915, while crossing a street on his way from his truck to deliver an express package, he was struck by an automobile and received injuries which caused his death two days later.

Concededly the injuries were received by the deceased in the course of his employment. The defendant contends, however, that the in-juries did not arise out of the employment, and cites in its brief, as justifying such defense, the cases of Newman v. Newman, 113 N. E. 332 (decided June, 1916), Moore v. Lehigh Valley Railroad Co., 169 App. Div. 177, 154 N. Y. Supp. 620, affirmed 111 N. E. 1092, and Costello v. Taylor, as President of the American Express Co., 217 N. Y. 179, 111 N. E. 755.

In the Newman Case the deceased had put up his horse and wagon several hours before receiving the injury, and was making the delivery on foot, entirely independently of the use of his horse and wagon, and not as an incident of the operation on the street of a vehicle, as in the case at bar, and hence was not engaged in one of the hazardous employments specified in the Workmen's Compensation Law. The Moore Case is cited simply as authority for the undisputed proposition that the injuries must have arisen both out of and in the course of the employment. The Costello Case is sought to be distinguished from the case at bar, and to be considered an authority for reversal, as hold-ing that it is the business of the care and operation of the horse and wagon which is considered hazardous, and not the employment of a deliveryman especially when he is delivering on foot. While the

question at issue here was not involved in that case, that decision expressly holds that the business of operating vehicles was intended to be covered by the act. The act of deceased in leaving his vehicle and delivering the express packages on foot was a necessary incident of the operation of the vehicle as an express delivery car, and so doing was within the scope of his employment. In the recent case of Dale v. Saunders Bros., 218 N. Y. 59, 112 N. E. 571, Judge Pound, in citing the Costello Case said:

"The duties of a teamster properly include the loading of his wagon, and are not limited to the driving of the team."

I think the award was clearly right, and should be affirmed. All concur.

---

(178 App. Div. 521)

BENNETT v. COLE.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

1. COURTS ⬦2—JUDGMENT—POWER OF COURT—"JURISDICTION."
 "Jurisdiction" is the power to consider and decide one way or the other, as the law may require.

 [Ed. Note.—For other cases, see Courts, Dec. Dig. ⬦2.
 For other definitions, see Words and Phrases, First and Second Series, Jurisdiction.]

2. JUSTICES OF THE PEACE ⬦155(1), 169—APPEAL AND ERROR—STATUTORY REQUISITES.
 Under the direct terms of Code Civ. Proc. §§ 3046, 3062, a County Court acquires appellate jurisdiction from Justice Court only when appeal is taken within 20 days from entry of judgment in justice's docket, and when appeal is brought on for argument by eight days' notice.

 [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 524–527, 529, 652, 653; Dec. Dig. ⬦155(1), 169.]

3. JUSTICES OF THE PEACE ⬦189(5)—APPEAL—VACATING JUDGMENT—WANT OF JURISDICTION.
 The proper procedure, where judgment has been entered in an appeal from Justice's to County Court, which appeal was without jurisdiction, is to ask that the judgment be vacated.

 [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 733; Dec. Dig. ⬦189(5).]

Appeal from Hamilton County Court.

Action by Richard Bennett against Charles Cole. From an order denying plaintiff's motion to vacate judgment reversing judgment of justice of the peace for plaintiff, plaintiff appeals. Reversed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Frank Hurley, of Glens Falls, for appellant.
W. H. Bass, of Northville, for respondent.

HOWARD, J. This action was begun in a Justice's Court in the town of Long Lake, Hamilton county, by the personal service of a summons upon the defendant. On the return day, September 11, 1914, at 2 p. m., the parties appeared in person before the justice of