possession of the booths, so there was no exclusion or ouster (Edwards v. Bishop, 4 N. Y. 61–65); and plaintiff could not partition off a portion of the booth occupied by Morrison (McGarrell v. Murphy, 1 Hilt. 132; Mumford v. Brown, 1 Wend. 53, 19 Am. Dec. 461). Each cotenant must exercise his right to a common possession in such a way as not to interfere with the right of possession of the other cotenants. C. C. Land Ass'n v. Lohbauer, 187 N. Y. 106–111, 79 N. E. 844. The court is assuming that all that Morrison's sons did on the day in question was authorized by Morrison, as there is proof tending to show this fact and it has been found by the referee. But it seems clear that they were justified in resisting the attempts made by the plaintiff and his forces, as those attempts were not to obtain a share in the possession of the two booths, but to obtain the whole possession of them and exclude Morrison from his occupancy. The plaintiff and the defendants Burchell evidently did not make this visit in order to share in Morrison's possession, but rather to make evidence as a basis for a claim against Morrison for use and occupation.

It follows that the report of the referee is not sustained by the proof and that it cannot be confirmed. Settle order on notice.

---

(174 App. Div. 720)

### PUTNAM v. MURRAY et al.

(Supreme Court, Appellate Division, Third Department. September 13, 1916.)

MASTER AND SERVANT ☜376(2)—WORKMEN'S COMPENSATION ACT—INJURIES IN COURSE OF EMPLOYMENT—"ARISING OUT OF AND IN COURSE OF EMPLOYMENT."

    A driver for one engaged in trucking stepped on a rusty nail as he was getting up into his wagon after collecting dirt from the streets, pursuant to his employment. *Held* that, though other individuals might have stepped on the nail and received injuries, yet the resulting death of the driver from tetanus was one from an injury arising out of and in the course of his employment, and so recovery might be had under Workmen's Compensation Act (Consol. Laws, c. 67) § 2, as group 41 classifies the occupation of driving teams of horses as extrahazardous, for the driver's duties consisted, not only in driving, but in getting upon and out of his wagon.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☜376(2).]

    Howard, J., dissenting.

Appeal from State Industrial Commission.

Claim by Catherine Putnam under the Workmen's Compensation Act before the State Industrial Commission for the death of a servant against Fred Murray, employer, and the Travelers' Insurance Company, insurance carrier. From an award of compensation, the employer and insurer appeal. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Amos H. Stephens, of New York City (E. Clyde Sherwood and William B. Davis, both of New York City, of counsel), for appellants.

Thomas Woods, of Syracuse, for respondent Putnam.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Deputy Atty. Gen., of counsel), for State Industrial Commission.

Robert W. Bonynge, of New York City, for Workmen's Compensation Commission.

LYON, J.  The sole question at issue upon this appeal is whether the death of the deceased can be said to have arisen out of his employment. He was engaged in the occupation of driver in the business of teaming, trucking, and livery. While working for his employer in collecting dirt from the streets of Syracuse, N. Y., he stepped upon a board containing a rusty nail as he was getting up into his wagon. The nail pierced his shoe and went into his foot. The wound became poisoned therefrom, and as a result his entire system became infected with tetanus germs, causing his death. The State Industrial Commission found that the injuries were accidental, and arose out of and in the course of his employment. The defendants challenge the correctness of the conclusion that his injuries arose out of his employment, and cite in support of their contention the cases of Newman v. Newman, 113 N. E. 332, decided in 1916, Sheldon v. Needham, 7 B. W. C. C. 471, Kitchenham v. S. S. Johannesburg, 4 B. W. C. C. 311, Mitchell v. S. S. Saxon, 5 B. W. C. C. 623, and De Filippis v. Falkenberg, 170 App. Div. 153, 155 N. Y. Supp. 761; and the defendants contend that there can be no liability, as the accident arose from a common risk, to which any person was equally exposed who happened to travel that way on foot, without regard to the nature of his employment.

The general distinction between the cases cited and the case at bar is that in the former it was held that the injuries were not received while the employé was engaged in one of the hazardous occupations specified in the Workmen's Compensation Law, or in doing an act incidental thereto. In the case at bar the deceased was engaged in the operation on streets of a wagon drawn by horses, which was concededly a hazardous employment under group 41. His duties were not limited to simply driving his team. They included, also, the loading of his wagon. Costello v. Taylor, 217 N. Y. 179, 111 N. E. 755; Dale v. Saunders, 112 N. E. 571, decided in April, 1916. The Commission has found that one of the duties of deceased was going about the streets, shoveling dirt into his wagon. One of the necessary incidents of driving about the streets was getting on and off his wagon. While the danger of stepping on the nail may be said to have been common to all persons using the street, an injury therefrom to a mere passer along the street, not engaged in a hazardous employment, or in the performance of an act incidental thereto, would probably not afford a right to compensation under the act. The hazardous employment of the deceased required his continued presence upon the street in the discharge of the duties of his employment. The mere fact that a person not engaged in a hazardous employment was exposed to the danger of

a similar injury, should he chance to travel that way, furnishes no argument for a denial of the right of compensation to a person whose hazardous employment compelled his constant presence on the street.

In the case of McNeice v. Singer Sewing Machine Company, Limited, 4 B. W. C. C. 351, 48 Sc. L. R. 15, the Court of Session, Scotland, held that, where a salesman and collector riding in a street on a bicycle, in the course of his employment, was kicked on the knee by a passing horse and injured, the accident arose out of the employment. This case was cited, and the principle on which it was based approved, by the Court of Appeal, England, in the case of Pierce v. Provident Clothing & Supply Co., Ltd., 4 B. W. C. C. 242, 1 K. B. 997, 104 L. T. 473, in which that court quotes from the McNeice Case as follows:

"The only question to be determined that has been argued before us is whether it arose out of his employment. Now, I think it did. I think that it was one of the ordinary dangers to which his employment exposed him, because it is quite clear from the statements before us that his employment as collector forced him to traverse the streets. And I think, therefore, that a danger which is an ordinary danger in the street—and I think that we are entitled of our own knowledge to know that the behavior of a passing horse is one of the ordinary dangers of the street—is therefore a danger arising out of his employment. It is quite true that many members of the public are exposed to the same danger, but that does not seem to me to be the criterion. These many members of the public might be either parties who are in employment or who are not; but, even if they were parties in employment, they might well be in the street, not in the course of their employment, and then there would be no liability. I refer to the ordinary case of a workman who is leaving the factory. After he has once got clear of the factory, and is going to his own home in another part of the town, he would not then be injured in the course of his employment. But here the man in the course of his employment is compelled to go into the streets. I cannot myself distinguish between this case and the case of a coachman, who has to drive about the streets for his master's benefit, and not for his own, and is injured. I think the appellant was injured by a danger arising out of his employment."

The court then adds, Cozens-Hardy, M. R., writing the opinion, in which Farwell and Buckley, L. JJ., concurred:

"I respectfully desire to adopt that decision, and to follow it in the present case on the first point that was argued, namely, that this accident did not give rise to a claim because any one else in the street was exposed to the same risk."

I have quoted from this decision at some length, as it seems to so aptly answer defendants' chief objection to an affirmance of the award.

I think the decision of the Commission was correct, and that the award should be confirmed.

KELLOGG, P. J., and WOODWARD and COCHRANE, JJ., concur. HOWARD, J., dissents.