Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ELIZABETH KEHOE, Widow, Respondent, for Compensation to Herself under the Workmen's Compensation Law, for the Death of JOHN KEHOE, *v.* CONSOLIDATED TELEGRAPH AND ELECTRICAL SUBWAY COMPANY, Employer and Self Insurer, Appellant.

Third Department, December 28, 1916.

**Workmen's Compensation Law — death of watchman caused by escaping gas — employment not hazardous — "employee" defined.**

A person who was employed by a company constructing electrical conduits merely as a watchman to clean and guard an office used solely for the storage of tools and materials and who had no other duty to perform was not engaged in a hazardous employment, and where he was killed in said office by gas which escaped from a pipe leading to a gas heater which had become disconnected his dependents are not entitled to an award under the Workmen's Compensation Law, and this is true although the employer's business was hazardous within the statute.

Moreover, being merely engaged as a watchman and in no way exposed to the hazards of his employer's business, he was not an "employee" within the contemplation of the Workmen's Compensation Law.

KELLOGG, P. J., and HOWARD, J., dissented, with opinion.

APPEAL by the defendant, Consolidated Telegraph and Electrical Subway Company, from an award of the State Industrial Commission, entered in the office of said Commission on the 19th day of July, 1916, and also from an amended award, entered on the 10th day of August, 1916.

*Beardsley, Hemmens & Taylor* [*Thomas H. Beardsley* of counsel], for the appellant.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel for the State Industrial Commission, for the respondents.

LYON, J.:

John Kehoe, deceased, the husband of the claimant, was employed by the Consolidated Telegraph and Electrical Subway Company, a corporation engaged in the business of constructing electrical conduits, as a watchman at its store yard in the city of New York. His duties were to sweep and mop out the office and to keep the drivers in the employ of the company out of the toolhouse. No pipes were laid or repaired there, and the tools were not used there. The yard was also used for the storage of tools and of materials, both of which were taken out and used on the work elsewhere, in connection with which the deceased had no duty to perform.

On the afternoon of April 30, 1916, he was found dead in the office. An examination of the premises disclosed gas escaping from the disconnected supply pipe leading to the gas heater, and that his death occurred from gas poisoning. The Commission awarded compensation to the widow of the deceased, and also an allowance for funeral expenses. From such award the employer appeals.

We think the award should not have been made. Concededly, the business which the employer was carrying on was a hazardous one within the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41). However, the deceased was employed simply as a watchman at the tools and materials storage plant where none of the business of the employer was being carried on, and he was in no way exposed to the hazards of the employer's business. He was not an "employee" within the contemplation of the Workmen's Compensation Law. Section 3, subdivision 4, defines an "employee" as a person who is *engaged* in a hazardous employment. This the deceased was not, and hence the claimant was not entitled to the award. (*Matter of Newman* v. *Newman,* 218 N. Y. 325;

*Matter of Bargey* v. *Massaro Macaroni Co.*, Id. 411; *Brown* v. *Richmond Light & Railroad Co.*, 173 App. Div. 432; *Mandel* v. *Steinhardt & Bro., Inc.*, Id. 515.)

The award should, therefore, be reversed.

All concurred, except Kellogg, P. J., who dissented in a memorandum in which Howard, J., concurred.

Kellogg, P. J. (dissenting):

The defendant was engaged in a hazardous employment and the deceased employee was a watchman at its plant. We held in *Sorge* v. *Aldebaran Co.* (171 App. Div. 959; 155 N. Y. Supp. 1142; affd., 218 N. Y. 636) that a night watchman was within the act. In *Fogarty* v. *National Biscuit Co.* (175 App. Div. 729), we held, by a divided court, that a night watchman who was going his rounds through the plant at a time when the plant was not in operation, was not within the protection of the act. We stand, therefore, as holding that a watchman is within the act unless it appears that the plant was shut down at the time of the injury. There is nothing in the findings or evidence showing whether or not the plant was shut down. The claim is presumed to come within the act in the absence of substantial evidence to the contrary. There being no evidence to the contrary, we conclude that the plant was not shut down and that the claim falls within the principle of the *Sorge* case.

The cases cited in the prevailing opinion are not to the contrary. In the *Newman* case the employer's business was not hazardous. The employee was delivering meat during the day time with a wagon; after having put up his horse, while doing an errand, he carried a piece of meat to a customer in the evening, and while doing so was injured. It was held that he was not engaged in the hazardous employment of operating a vehicle at the time of the injury.

In the *Bargey* case the employer was engaged in a hazardous business, but Bargey, a carpenter, was not an employee in that business. He was called to the factory to make some necessary repairs, and it was held that he was not engaged in the macaroni business.

In the *Brown* case the claimant was a process server in connec-

tion with the law department of the railroad company, and it was held that he was not in the employment of operating a railroad.

In the *Mandel* case the employer was a manufacturer of leather and other fabric novelties in New York city, a hazardous employment, and the claimant, a salesman, was injured in a public bus near White Plains. It was held that he was not engaged in a hazardous employment at the time of the injury.

Here a watchman is a necessary employee in carrying on the defendant's work, and he met his death at the plant while performing the work there for which he was employed. By subdivision 4 of section 3 of the Workmen's Compensation Law, the word " employee " means a person engaged in a hazardous employment or in the service of an employer whose principal business is that of carrying on or conducting such an employment. I favor an affirmance of the award.

HOWARD, J., concurred.

Award reversed and claim dismissed.