(February 14, 1927.)

## BEULAH A. ZEIER, Respondent, v. BOISE TRANSFER COMPANY and MARYLAND CASUALTY COMPANY, Appellants.

[254 Pac. 209.]

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — INJURY ON STREET "ARISES OUT OF EMPLOYMENT.

1. Where employment requires employee to be on street, he is subjected to different risk than ordinary traveler, and so, if he is injured while engaged in that duty or something incidental thereto, accident "arises out of employment."

2. Where employee, who was on duty between hours of 12 and 1, was instructed to go to freight depot to deliver bill of lading and then as soon as possible unload a truck on company's scales, and was injured when returning in direction of employer's place of business after securing lunch at home at about 12:15, accident *held* to have arisen out of and in course of employment.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Dana E. Brinck, Judge.

Application for compensation. Award of Industrial Accident Board affirmed by district court. *Affirmed.*

Chas M. Kahn, for Appellants.

For interpretation of "arising out of and in the course of any employment," see *Hopkins v. Michigan Sugar Co.,*

Publisher's Note.

1. Injury to employee on street as in course of employment, see notes in L. R. A. 1916A, 314; L. R. A. 1917D, 114; L. R. A. 1918F, 911.

2. Injury to employee while procuring refreshment as in course of employment, see notes in L. R. A. 1916A, 320; L. R. A. 1917D, 120. Injuries while going to or from work, see notes in L. R. A. 1916A, 331; L. R. A. 1917D, 119; L. R. A. 1918F, 907.

See Workmen's Compensation Acts, C. J., sec. 63, p. 72, n. 69; sec. 67, p. 77, n. 97; sec. 72, p. 80, n. 25, p. 81, n. 30; sec. 74, p. 83, n. 50; sec. 114, p. 115, n. 37.

184 Mich. 87, 150 N. W. 325, L. R. A. 1916A, 310; *Re McNicol,* 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 307; *Re Donahue,* 226 Mass. 595, 116 N. E. 226, L. R. A. 1918A, 215; *Industrial Com. v. Anderson,* 69 Colo. 147, 169 Pac. 135.

As to risks of the commonalty and street risks, see *Corke v. Wigan,* 2 B. W. C. C. (Eng.) 35; *Re Donahue,* 226 Mass. 595, 116 N. E. 226, L. R. A. 1918A, 215; *Newman v. Newman,* 169 App. Div. 745, 155 N. Y. Supp. 665, 218 N. Y. 325, 113 N. E. 332; *DeVoe v. New York R. R. Co.,* 169 App. Div. 472, 155 N. Y. Supp. 12; *Jack v. Morrow Mfg. Co.,* 194 App. Div. 565, 185 N. Y. Supp. 588; 28 R. C. L., sec. 93, pp. 804, 805.

Workmen injured going to or returning from work are not entitled to compensation. (Honnold on Workmen's Comp. Act, sec. 108, p. 362, sec. 107, p. 358 (362); Bradbury's Workmen's Comp. Act, pp. 404–412; Schneider's Workmen's Comp. Act, pp. 506–512; *Industrial Accident Com. v. Anderson,* 69 Colo. 147, 169 Pac. 135.)

An employee injured on way to or from meals is not entitled to compensation. (Honnold on Workmen's Comp. Act, sec. 107, p. 358 (361); Boyd's Workmen's Comp. Act, sec. 481, p. 1061; *Hills v. Blair,* 182 Mich. 20, 148 N. W. 243; *Wilson v. Chesapeake & O. Ry. Co.,* 130 Ky. 182, 113 S. W. 101; *Clark v. Vorhees,* 231 N. Y. 14, 131 N. E. 553; *McInerney v. Buffalo S. R. Corp.,* 225 N. Y. 130, 121 N. E. 806; *Haggard's Case,* 234 Mass. 330, 125 N. E. 565; *California Highway Com. v. Industrial Accident Com.,* 61 Cal. App. 284, 214 Pac. 658; *London Guarantee & Acc. Co. v. Industrial Acc. Com.,* 190 Cal. 587, 213 Pac. 977; *Pearce v. Industrial Acc. Com.,* 299 Ill. 161, 18 A. L. R. 523, 132 N. E. 440; *Taylor v. Morrow,* 130 Va. 545, 107 S. E. 649; *Southern Surety Co. v. Galloway,* 89 Okl. 45, 213 Pac. 850; *In re Frisch* (Ohio), 12 Neg. & Com. Cas. 389, note 1, par. 6.)

Morgan & Smith, for Respondent.

The doctrine that if the public is exposed to the same hazard as was the injured employee then he, for that reason, may not recover is not supported by the weight of authority nor followed by the more recent decisions. Particularly is this true where the employment is one which requires the employee to subject himself to unusual exposure to street risks such as does that of a messenger or truck driver. (*Fogg's Case*, 125 Me. 168, 132 Atl. 129; *Chandler v. Industrial Com.*, 55 Utah 213, 8. A. L. R. 930, 184 Pac. 1020; *Cook's Case*, 243 Mass. 572, 29 A. L. R. 114, 137 N. E. 733, and cases cited; *Globe Indemnity Co. v. Industrial Acc. Com.*, 36 Cal. App. 280, 171 Pac. 1088; *Keaney's Case*, 232 Mass. 532, 122 N. E. 739; *Hansen v. Northwestern Fuel Co.*, 144 Minn. 105, 174 N. W. 726; *Miller v. Taylor*, 173 App. Div. 865, 159 N. Y. Supp. 999; *Employers' Indemnity Corp. v. Kirkpatrick* (Tex. Civ. App.), 214 S. W. 956; *Beaudry v. Watkins*, 161 Mich. 445, 158 N. W. 16, L. R. A. 1916F, 576; *Burton Auto Transfer Co. v. Industrial Com.*, 37 Cal. App. 657, 174 Pac. 72; *Siglin v. Armour & Co.*, 261 Pa. 30, 103 Atl. 991; *City of Milwaukee v. Althoff*, 156 Wis. 68, 145 N. W. 238, L. R. A. 1916A, 327; *Newark Paving Co. v. Klotz*, 85 N. J. L. 432, 91 Atl. 91; *Zabriskie v. Erie R. Co.*, 86 N. J. L. 266, 92 Atl. 385; *Porter Co. v. Industrial Com.*, 301 Ill. 76, 133 N. E. 652; *M'Neice v. Singer Sewing Mach. Co., Ltd.*, 4 B. W. C. C. 351; *Bett v. Hughes*, 8 B. W. C. C. 362; Reugg's Workmen's Compensation, 9th ed., pp. 91–93.)

If, owing to the necessities of the situation, an employee incidentally leaves his work to obtain necessary refreshment, his manner in so doing tending to further his master's interests, and if he meets with an accident while so refreshing himself, or in going to or returning from the place of refreshment, the accident arises out of and in the course of the employment and the resulting injury is compensable. (*Carter v. St. Louis, T. & R. Co.*, 307 Mo. 595, 271 S. W. 358; *National Biscuit Co. v. Roth*, 83 Ind.

App. 21, 146 N. E. 410; *Rainford v. Chicago City Ry. Co.*, 289 Ill. 427, 124 N. E. 643; *Papineau v. Industrial Acc. Com.*, 45 Cal. App. 181, 187 Pac. 108; *Clem v. Chalmers Motor Co.*, 178 Mich. 340, 144 N. W. 848, L. R. A. 1916A, 352; *Harival v. Hall-Thompson*, 98 Conn. 753, 120 Atl. 603; *Stansberry v. Monitor Stove Co.*, 150 Minn. 1, 20 A. L. R. 316, 183 N. W. 977; *Consolidated Underwriters v. Breedlove* (Tex. Civ. App.), 265 S. W. 128.)

"An injury occurs in the course of the employment within the meaning of the compensation act, when it occurs within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment, or is engaged in doing something incident to it." (*Granite Sand & Gravel Co. v. ·Willoughby*, 70 Ind. App. 112, 123 N. E. 194; *Rogers v. Davis*, 39 Ida. 209, 228 Pac. 330; *Fogg's Case, supra; National Biscuit Co. v. Roth, supra; Ex parte Majestic Coal Co.*, 208 Ala. 86, 93 So. 728; 1 Honnold on Workmen's Compensation, p. 346, par. 105; *Superior Smokeless Coal & Min. Co. v. Hise*, 89 Okl. 70, 213 Pac. 303; *Archibald v. Ott*, 77 W. Va. 448, 87 S. E. 791, L. R. A. 1916D, 1013; *In re McNicol*, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; *Schweiss v. Industrial Com.*, 292 Ill. 90, 126 N. E. 566; *Mueller Const. Co. v. Industrial Board*, 283 Ill. 148, 118 N. E. 1028.)

GIVENS, J.—John N.· Zeier, employed by the Boise Transfer Company, while riding a bicycle along Grove Street, Boise, was struck by an automobile and received injuries from which he died two days thereafter. On ·application of Beulah A. Zeier, wife of deceased, the Industrial Accident Board, after a hearing, awarded her and her minor child compensation. On appeal to the district court the findings, conclusions and award of the board were sustained, whereupon this appeal was taken.

Appellants contend that the injury which caused Zeier's death did not arise out ·of and in the course of his employment because: first, the risk was common to all the public,

and, second, that Zeier was returning from lunch when injured, and hence was not entitled to compensation.

It was the custom of the employees of the Transfer Company to take turns from week to week remaining on duty between the hours of 12 and 1 o'clock subject to call by the Transfer Company, and on the day of and during the week of the accident, Zeier was on duty and employed between those hours and a few minutes after 12 was specifically instructed by McBride, under whose direction and control he was working, to go to the freight depot and get and deliver a bill of lading and then as soon as possible unload a truck which was blocking the company's scales. Zeier left the office of the Transfer Company and some fifteen minutes after 12 arrived at his home and secured a quick lunch and shortly before 1 o'clock, while riding in the direction of the Transfer Company's place of business, the accident occurred.

[1]    Where the employment requires the employee to be on the street he is subjected to a different risk than the ordinary traveler and so if he is injured while engaged in that duty or something incidental to it the accident arises out of the employment. This doctrine is well stated in Reugg's Workmen's Compensation, 9th ed., page 91, quoting from *Dennis v. White*, 10 B. W. C. C. 280:

"If a servant in the course of his master's business has to pass along the public street, whether it be on foot or on a bicycle, or on an omnibus or car, and he sustains accident by reason of the risks incidental to the streets, the accident arises out of as well as in the course of his employment."

"Injury to employee struck by an automobile, while on an errand for his master, was a direct and absolute result of risk reasonably incident to employment and was an accident 'arising out of employment,' within the Workmen's Compensation Act." (*Palmer v. Main*, 209 Ky. 226, 272 S. W. 736.)

A mechanic subject to call at any time went out to fix a battery and on his way back stopped for lunch and after lunch while on his way to the employer's shop was injured

while in the course of his employment. (*Consolidated Underwriters v. Breedlove,* 114 Tex. 172, 265 S. W. 128.) Other cases in line with such holding are: *Mahowald v. Thompson-Starrett Co.,* 134 Minn. 113, 159 N. W. 565; *Miller v. Taylor,* 173 App. Div. 865, 159 N. Y. Supp. 999; *Putnam v. Murray,* 174 App. Div. 720, 160 N. Y. Supp. 811; *Kunze v. Detroit Shade Tree Co.,* 192 Mich. 435, 158 N. W. 851, L. R. A. 1917A, 252.

"Where exposure to ordinary street risks is inherent in the nature of the employment or where the particular work being performed compels the employee to face such hazard in the course of his contract of employment, and they thus become connected with and incidental to the employment and are the direct cause of an accident, the accident arises out of, as well as in the course of, the employment, within the Workmen's Compensation Act." (*Cook's Case,* 243 Mass. 572, 29 A. L. R. 114, 137 N. E. 733; *Keaney's Case,* 132 Mass. 532, 122 N. E. 739; *Employers' Indemnity Corp. v. Kirkpatrick* (Tex. Civ. App.), 214 S. W. 956; *Beaudrey v. Watkins,* 191 Mich. 445, 158 N. W. 16, L. R. A. 1916F, 576.)

[2] The evidence was sufficient to warrant the commission in concluding that the accident arose out of and in the course of Zeier's employment. (*In re McNicol,* 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; *Nuzik v. Erie R. Co.,* 85 N. J. L. 129, 89 Atl. 248; *De Fazio v. Goldschmidt Detinning Co.* (N. J.), 88 Atl. 705; *Kingsley v. Donovan,* 169 App. Div. 828, 155 N. Y. Supp. 801; *Hendricks v. Seeman Bros.,* 170 App. Div. 133, 155 N. Y. Supp. 638; *Granite Sand & Gravel Co. v. Willoughby,* 70 Ind. App. 112, 123 N. E. 194.)

"It is essential to the right to compensation that the injury shall have been received in the course of the workmen's employment; that it shall have been received while he was doing some act reasonably incidental to his work. An accident or injury is so received while it occurs while he is doing what a man in like employment may reasonably do within the time during which he is so employed, and at a place where he may reasonably be during that time.

" 'Course of employment' includes acts in which the employer has acquiesced, though they are not done in a strict performance of the employee's duties. An employee is not, like a part of a machine operated by him, fixed to precisely the mechanical movements he must perform in order to discharge his industrial function. He may do whatever a human being may reasonably do while in the performance of his duty without such acts placing him outside of the course of his employment." (1 Honnold on Workmen's Compensation, p. 346, par. 105.)

In *Burton Auto Transfer Co. v. Industrial Acc. Com.*, 37 Cal. App. 657, 174 Pac. 72, it was held that a transfer truck driver, whose hours were uncertain and who had no regular lunch hours, who had instructions to get his truck and go to the depot and was struck by an automobile while crossing the street to get his truck and killed, received an injury arising out of and in the course of his employment. In the opinion the court says:

"The petitioner relies upon the many cases to the effect that one is not entitled to compensation under the Workmen's Compensation Act, if he is injured while on the way toward or from his employment. These cases are not in point for the reason that, at the time he was stricken, Fickett was not on the way to his employment. He had never left it. Under the facts above stated he was within the hours of employment." (*Porter v. Industrial Co.*, 301 Ill. 76, 133 N. E. 652; *Harival v. Hall-Thompson Co.*, 98 Conn. 753, 120 Atl. 603.)

The judgment is ordered affirmed. Costs awarded to respondent.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.