## MONMOUTH COUNTY COMMON PLEAS COURT.

JOHN KARLSON, PETITIONER-APPELLEE, v. WILLIAM I. ROSENFELD, RESPONDENT-APPELLANT.

**Workmen's Compensation—Employe Engaged in Putting Canna Bulbs in a Frame—When He Washed at Night He Found a Cut or Scratch on One Finger—Infection Followed and Amputation Became Necessary—When or How the Cut was Received Employe Does Not Know—Held, That There are Not Facts to Justify Decision That the Accident Grew Out of the Employment.**

On petition for compensation: On appeal.

For the petitioner-appellee, *Ward Kremer*.

For the respondent-appellant, *Emile Neblo*.

STEINBACH, J. This is an appeal from the determination of facts and rule for final judgment entered by direction of the workmen's compensation bureau (Deputy Commissioner William E. Stubbs). This matter was heard on October 14th, 1926, before the commissioner.

The petitioner, John Karlson, was employed by William I. Rosenfeld, the respondent, and performing his duties as such employe, on March 9th, 1926. During that day the petitioner performed usual labors, part of which was putting canna roots in a frame. At five o'clock, when the petitioner washed his hands, he found a cut on his finger. From the testimony of the only physician whose testimony was given in the case, it appears that the second finger (the finger upon which the cut appeared) was amputated because of infection.

The petitioner says he did not have the cut at noon, and on his examination stated that he was sure it was cut in the afternoon, but inasmuch as he did not feel the cut before the evening, he did not know the time nor the occupation he was engaged in at the time he received the cut.

On page 5 of the testimony the petitioner says:

"I am sure I got it because I didn't feel it before the evening. I washed my hands with soap and water.

"*Q.* You saw it when you washed your hands with soap and water?

"*A.* Yes.

\*   \*   \*   \*   \*   \*   \*

"*Q.* What time was that?

"*A.* Five o'clock."

On page 10 of the testimony is:

"*Q.* You don't know just what caused the scratch, do you?

"*A.* I could not tell. I got it from the soil." He then goes on with testimony which clearly shows that he does not know positively that he got it from the soil."

On page 9 the testimony is:

"*Q.* Soon after seven o'clock you started to plant these roots?

"*A.* No, sir; about eleven o'clock.

"*Q.* It took you about three hours to do that?

"*A.* Yes.

"*Q.* You finished that work and went about doing other work?

"*A.* Doing the evening chores.

"*Q.* After you finished planting the canna roots you went about your other work?

"*A.* Yes."

Then, again, on page 10 of the testimony:

"*Q.* You went home to your home?

"*A.* My home was right there.

"*Q.* You left your work and walked over to your house?

"*A.* Yes.

"*Q.* And began washing your hands and you noticed this small scratch on your knuckle?

"*A.* Yes, sir."

There seems to be sufficient evidence from which an inference may be rightfully drawn that the injury to the hand and the amputation of the finger was caused by infection through a scratch, of which the petitioner complained. The question that causes some doubt is as to whether the scratch was a result of an accident arising out of and in the course of the petitioner's employment. To find so, "* * * it was essential that there should have been some fact or circumstance established to support such finding." *Schmoll* v. *Weisbrod, &c.,* 97 *Atl. Rep.* 724.

What was the cause of the accident? I have read the testimony over several times and I must say that I cannot find any fact or circumstance indicating when the scratch was obtained or by what substance or implement the scratch was made. From the petitioner's testimony there may be a fair inference that the scratch was obtained some time between noon, when the petitioner went back to work (during part of which time he was putting canna plants in frames), and when he washed his hands at five o'clock or shortly thereafter at the house on his employer's premises, where he resided. How it was obtained I am, and petitioner is, at a complete loss to say. If I should assume that the petitioner was, during all the time in which his finger had not been scratched, and up to the time when he washed his hands, about his employer's business, that he resided upon the premises, and his duties kept him there at all times, nevertheless, I cannot say what accident arose out of his employment, nor that any accident arose out of his employment, causing the scratch. There may have been something pertaining to actions on the part of petitioner other than actions and operations involved in his employment, or from some extraneous cause, which caused the scratch.

"The character or quality of the accident as conveyed by the words 'out of' involves * * * the idea that the accident is in some sense due to the employment. It must be an accident resulting from a risk reasonably incident to the employment.

"* * * an accident arises 'in the course of the employment' if it occurs while the employe is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time." *Bryant, Admx.,* v. *Fissell,* 84 *N. J. L.* 72, 76, 77.

The case of *Muzik* v. *Erie Railroad Co.,* 89 *Atl. Rep.* 248, was a case in which death resulted and no one saw the accident, but it was clear in that case that the cause of the death was the fact that the claimant in that case was struck by a railroad train just after he had performed an act of his employment.

There is no evidence in the present case to show me the cause of the scratch.

I do not believe that the assumption from the testimony is justified that the petitioner was engaged in his employer's business from the time of his return to his work at noon until he washed his hands in his dwelling-house shortly after five o'clock, but even if that were so, and assumed for the sake of argument, I do not see any facts from which I could infer that the scratch was received by an accident arising out of the employment. I have been unable to find that the law raises the presumption that an injury received during employment arose by an accident arising out of the employment.

The court finds that the petitioner is not entitled to compensation. Let a rule for judgment accordingly be entered in favor of the respondent.