Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARY GARLAND FOGARTY, Respondent, for Compensation to Herself for the Death of WILLIAM FOGARTY, under the Workmen's Compensation Law, *v.* NATIONAL BISCUIT COMPANY, Employer, and the EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, November 22, 1916.

Workmen's Compensation Law — injury to night watchman employed in bakery — injury when plant is not in operation – night watchman not engaged in hazardous employment.

Although the business of baking is a hazardous employment within section 2 of the Workmen's Compensation Law, a night watchman employed in a bakery who was injured in the night time by falling down a stairway when the plant was not in operation, and who was merely performing the ordinary duties of a night watchman, was not at the time engaged in a hazardous employment and is not entitled to an award under the Workmen's Compensation Law.

KELLOGG, P. J., dissented, with memorandum.

APPEAL by the defendants, National Biscuit Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 3d day of February, 1916.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Commission.

COCHRANE, J.:

William Fogarty, the employee, received injuries which resulted in his death. He was a night watchman of the National Biscuit Company, a corporation engaged in the bakery business in the city of New York. The Commission has found that about midnight of October 3, 1915, while Fogarty " was on the fifth or sixth floor of the building making his rounds, he started to go down a spiral stairway to a floor below and accidentally fell over the rail of the stairway and down the

well to the floor at the basement," and so met his death. The plant was not operated at night and was not in operation at the time of the accident. The bakery business in which the employer was engaged is one of the hazardous employments enumerated in section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41), and falls within group 34 of that section. But it does not follow that because an employee is in the service of an employer conducting a hazardous employment the former is necessarily entitled to compensation for an injury received. There must be some relation between the hazardous employment and the accident. The duties of this night watchman differed in no respect from the duties of many other night watchmen in buildings where non-hazardous employments are conducted. It would be an anomalous feature of the law if compensation were given to a night watchman in a building merely because a hazardous employment was therein conducted in the day time although not at night when the accident occurred, and denied to another night watchman doing precisely the same duties in the same or another building where a hazardous employment was not conducted. The test should be whether the watchman was exposed to the dangers of the hazardous employment. In the present case he was not so exposed and could not be because the business was idle. The hazards of the bakery business do not enter the case. The deceased did not fall down stairs because of the bakery business or because of any act or circumstance incidental thereto. His accident would have occurred regardless of the nature of the business.

In *Oberg* v. *McRoberts & Co.* (175 App. Div. 1), decided at this term, Mr. Justice WOODWARD aptly says: "It is not only necessary that the employer should be engaged in a hazardous occupation, but the employee must be 'engaged in a hazardous employment in the service of an employer carrying on or conducting the same' (§ 3, subd. 4,) and surely there is nothing in the statute which attempts to make the position of a watchman a hazardous employment." In the present instance, although the employer was carrying on or conducting the bakery business, the employee was not "engaged in a hazardous employment" within the meaning of the statute.

The position of night watchman is not a hazardous employment, and while performing the duties of that position Fogarty was not exposed to the dangers of the bakery business which is a hazardous employment. He was simply at the time of the accident acting as a night watchman and was in the performance of no other duties.

The fact that the accident took place on the plant of the employer is of no significance if the plant is idle and the hazards of the business do not for that reason exist. Fogarty was not engaged at the time of his death in a hazardous employment simply because the business constituting such hazardous employment was not in operation. It can make no difference that such operation was suspended for a night at a time or for months at a time, because during such suspension the hazards of the business were likewise suspended.

Reliance is placed on the case of *Sorge* v. *Aldebaran Co.* (3 State Dept. Rep. Off. 390), affirmed by this court and the Court of Appeals without opinion (171 App. Div. 959; 218 N. Y. 636). In that case, however, the employer was engaged in the general contracting and building business and was constructing the building where Sorge as a night watchman fell and received his injuries. The construction of the building itself is made a hazardous employment and is included in group 42 of section 2 of the law. It was this construction work of which Sorge was watchman and he fell from a board temporarily located, receiving injuries which caused his death. A mere statement of the facts shows a clear distinction between that case and this. Sorge was directly exposed to the hazards of the business the same as the other employees and was injured as a result thereof. The hazards in that case were inherent in the building itself. It was the construction work which constituted the hazard and that construction work Sorge was watching and the incompleteness and unfinished condition of the building and dangers arising therefrom were the direct cause of the accident.

The award should be reversed and the claim dismissed.

All concurred, except KELLOGG, P. J., who dissented in memorandum.

KELLOGG, P. J. (dissenting):

The Workmen's Compensation Law provides compensation for "employees" engaged in any of the forty-two groups mentioned in section 2 of that law. "Employee," as defined by subdivision 4 of section 3, means "A person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant, or in the course of his employment away from the plant of his employer." The compensation is made by a system of insurance, in which the premiums are based upon the payroll of the employer. Evidently this night watchman was upon the payroll, and the premium was based in part upon the compensation he received. He was employed in the plant by an employer whose principal business was that of carrying on and conducting a hazardous employment and was injured therein. Although the bakery was not running at the time it seems clear that the night watchman is an employee in a hazardous employment within the meaning of the law. In *Sorge* v. *Aldebaran Co.* (171 App. Div. 959) we held that the night watchman upon a construction work was within the act, although no work was being done about the plant at the time. The Court of Appeals affirmed that judgment (218 N. Y. 636). Upon the authority of that case, as well as upon principle, the award should be affirmed.

Award reversed and claim dismissed.