Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ENOCH KOBYRA, Respondent, for Compensation under the Workmen's Compensation Law, v. B. F. ADAMS, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Insurance Carrier, Appellants.

Third Department, December 28, 1916.

Workmen's Compensation Law — injury to night watchman while closing window by wind blowing substance into his eye — presumption in favor of claimant — burden of proof — injury while performing act incidental to prosecution of business of employer.

Where a night watchman employed by a manufacturer of desks and furniture, while closing a window during a severe storm was injured by the wind blowing a foreign substance into his eye, resulting in the removal thereof, and there was no evidence as to whether or not the business was in operation at the time of the accident, it will be presumed under section 21 of the Workmen's Compensation Law that the plant was in operation and an award should be affirmed.

The burden of proof rested on the employer and insurance carrier to show that the plant was not in operation.

It is immaterial that the particular act which the night watchman was performing when he received his injury was not an act peculiar to the process of the business which was being conducted.

APPEAL by the defendants, B. F. Adams and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 8th day of May, 1916.

*Alfred W. Andrews* [*Ainsworth, Carlisle & Sullivan* and *John N. Carlisle* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General* of counsel], for the respondent State Industrial Commission.

COCHRANE, J.:

The employer was engaged in the business of manufacturing desks and furniture with a plant and place of business at Herkimer, N. Y. The claimant was a night watchman. While working in that capacity for his said employer at the manufacturing plant and about eleven o'clock in the evening a severe storm arose. The claimant was closing a window because of the storm and while doing so a gust of wind blew some substance from the outside of the building into his left eye causing an injury which resulted in its removal. The Commission has found that such injury arose out of and in the course of his employment and has made him an award accordingly. The business of manufacturing furniture is included in group 16 of section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) as one of the hazardous employments there enumerated.

In *Fogarty* v. *National Biscuit Co.* (175 App. Div. 729), decided by this court at its last term, it was held that a night watchman was not entitled to compensation. But in that case it was found as a fact by the Commission that the plant was not in operation at the time of the accident. The night watchman was, therefore, not exposed at the time of his injury to the hazards of the business. In this case there is no finding on that question and the evidence leaves it uncertain as to whether or not the business was in operation at the time of the accident. The claimant states that he does not remember. The presumption is that the claim comes within the provisions of the law (§ 21). The burden of proof rested on the employer and insurance carrier to show that the plant was not in operation. This was a very light burden for them to bear in this particular instance but they offered no evidence whatever on the question.

Assuming as we must, therefore, that the business was in operation, we have a case where the claimant was exposed to

the hazards of that business at the time of his accident, and it is immaterial in such a case that the particular act which he was performing when he received his injury was not an act peculiar to the process of the business which was being conducted. To such a situation the case of *Matter of Larsen* v. *Paine Drug Company* (218 N. Y. 252) applies, where it was held that if an employee is injured while performing an act fairly incidental to the prosecution of a business and appropriate in carrying it forward, he is not to be barred from recovery because such act is not a step wholly within the precise and characteristic process or operation of the hazardous business.

The award should be affirmed.

Award unanimously affirmed, KELLOGG, P. J., concurring in result.