SOPHIA E. McGUCKEN, as Administratrix; etc., of WILLIAM H. McGUCKEN, Deceased, Respondent, *v.* THE WESTERN NEW YORK AND PENNSYLVANIA RAILROAD COMPANY, Appellant.

*Negligence — disobedience of orders — duty of the engineer, towards one riding on a locomotive without authority.*

An action to recover damages resulting from personal injuries sustained by the plaintiff's intestate cannot be maintained against his employer where the undisputed evidence upon the trial thereof shows a disobedience of the orders of the employer, and a violation of duty on the part of the deceased, without which the injury complained of would not have happened.

Where the engineer of a locomotive finds a person on the engine, who is there without authority, he is not bound to stop his engine and put him off.

APPEAL by the defendant, The Western New York and Pennsylvania Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 9th day of June, 1893, upon the verdict of a jury for $4,000, after a trial at the Monroe Circuit, and also from an order entered in said clerk's office on the 23d day of June, 1893, denying the defendant's motion for a new trial made upon the minutes.

*S. S. Rogers,* for the appellant.

*E. Van Voorhies,* for the respondent.

DWIGHT, P. J.:

The action was to recover damages for the death of the plaintiff's intestate, William H. McGucken, due, as alleged, to the negligence of the defendant.

The deceased was, and had been for about a year and a half, in the employ of the defendant as a "wiper" in the engine house at Rochester. The men so employed are sometimes called "hostlers," and their duty, as the name imports, is to take care of the locomotive engines when housed between trips; to wipe the machinery, bank the fires, and keep up the necessary supply of water in the boilers so that the engines may be ready for immediate service when required. On the day of his death McGucken was directed by his foreman to go to Portage to take care, that night, of engine No. 91,

in place of a wiper at the engine house at that station who had been taken sick. For that purpose he was furnished with an employee's pass, which entitled him to ride free on the passenger train which was to be drawn to Portage by the same engine, No. 91. In pursuance of his orders he took his seat in one of the passenger cars of the train and rode to Nunda, the last station on the road before reaching Portage. There he left the passenger car, and, without orders or invitation from the engineer, took a seat in the cab of the engine on the fireman's side of the boiler. The engineer, discovering his presence after the train was on its way to Portage, asked him what he was there for, and told him it was no place for him, but, learning that he was going to take care of the engine that night, told the fireman that, since he was there, he had better show him how the injector worked, which he did.

Shortly before the train reached Portage it collided with a freight train going in the other direction, the engine of the passenger train was overturned, and the plaintiff's intestate was crushed beneath it and killed. No other car of the train was overturned or thrown from the track, and no one in either of the passenger cars was injured.

A rule of the company, which had been in force for several years and was duly promulgated, forbade any person "to ride on the engine without an order from the superintendent, except the engine man, fireman, assistant engineer and supervisors on their respective divisions, and conductors in the discharge of their duty."

The collision was due to a mistake in the transmission of orders for the movement of the trains, and it may be conceded, for the purposes of this review, that the fault was attributable to the defendant, and that the fact of negligence on its part was established, but it is still impossible that the plaintiff's recovery should be sustained, for the reason that the undisputed evidence shows a disobedience of orders and violation of duty on the part of the deceased, without which the injury complained of could not have been sustained.

He had no right to be on the engine. To be so was in direct violation of a rule of the company with which he must be supposed to have been familiar. He was a passenger — though a free passenger — and his place was in the passenger car. Had he remained there, he could not have been crushed under the engine, and, as the

evidence tends to show, he would have been safe from injury of any character. He betook himself to the engine at his own risk, and there is nothing in what occurred after the engineer discovered him there which at all affects the situation. The engineer was not bound to stop his engine to put him off, and there was no stopping place until Portage was reached. Such being the case, it was proper enough to utilize the opportunity to point out to the deceased the peculiarity in the injector pipe, which otherwise would have been explained to him after reaching Portage. But this in no manner excused his violation of the rule which forbade his riding on the engine, nor rendered the risk which he assumed in doing so any the less his own.

The question here considered was raised by the defendant's motion for the direction of a verdict on the ground that the deceased was guilty of contributory negligence in riding on the engine, and by several exceptions to the charge and to refusals to charge as requested on the same point.

For the error thus indicated, the judgment and order appealed from must be reversed and a new trial granted.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from reversed and new trial granted, costs to abide event.