## CITY OF ATLANTA *v.* STEWART & RAY.

No presumption of negligence arises against a municipal corporation upon proof of an injury caused by a defect in its streets, but negligence must be proved as charged in the petition. It was therefore error, in an action for damages against a city, for the court to charge that " when the plaintiffs show that they were damaged by reason of a defect in the streets, then it is incumbent upon the city to show that it exercised all proper care required by law for it to exercise."

Argued January 24, — Decided February 9, 1903.

Action for damages. Before Judge Calhoun. City court of Atlanta. June 25, 1902.

*James L. Mayson* and *William P. Hill*, for plaintiff in error.
*Brown & Randolph* and *S. R. Perry*, contra.

CANDLER, J. This was an action for damages against the City of Atlanta, based on the alleged negligence of the defendant in leaving an open ditch upon its streets at night, with no red lights or other signal to warn pedestrians or drivers of vehicles of the dangerous condition of the street; the petition setting up that the plaintiffs' servant, in the exercise of all due diligence, drove a team of horses belonging to the plaintiffs into the ditch at night, killing one of the horses, injuring the other, and destroying the harness. The plea of the defendant was, in effect, a general denial of negligence and of liability. The jury found for the plaintiffs the full amount for which they sued. The defendant moved for a new trial, the motion was overruled, and it excepted. Error is assigned in the motion upon the following portion of the charge of the court below: "Now, that obligation being upon the city, the city being required to keep its streets in such condition, then when the plaintiffs show that they were damaged by reason of a defect in the streets, then it is incumbent upon the city to show that it exercised all proper care required by law for it to exercise." This charge was plainly erroneous. Its effect was to place upon the city the burden of disproving negligence on its part, rather than upon the plaintiff to prove it. There is no presumption of negligence against a municipal corporation, growing out of an injury caused by a defect in its streets. Negligence must be proved against it as alleged in the plaintiff's petition, and only when this is done is it "incumbent upon the city to show that it exercised all proper care required by

law for it to exercise." This principle is well settled, and was distinctly announced by this court in the case of *City of Columbus* v. *Ogletree*, 96 *Ga.* 182.

None of the other grounds of the amendment to the motion for a new trial are of sufficient merit to require extended discussion here. Some of the expressions used in the charge of the court were inapt and inaccurate, but, except as has been above noted, there was no error of sufficient materiality to require the grant of a new trial. We do not go into the question of the sufficiency of the evidence to support the verdict, because in our opinion the error which we have pointed out demands that the case be sent back for another hearing.　　　　*Judgment reversed.　　By five Justices.*