recovery of money. The fact that such money must be paid out of a particular fund, or made out of the sale of particular property, does not constitute the action other than one for the recovery of money. To my mind the case is on all fours with Hamilton v. Penney, supra.

The motion to vacate is therefore denied, with costs. Ordered accordingly.

———————————

(117 App. Div. 739)

## BEST v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

1. RAILROADS—INJURIES TO PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE.

In an action against a railroad for injuries received by plaintiff through being struck by an engine while crossing defendant's track, evidence *held* to show plaintiff's freedom from contributory negligence.

2. MASTER AND SERVANT—RELATIONSHIP—ASSUMPTION OF RISK—EVIDENCE.

Defendant railroad maintained, as a clubhouse for the use of its employés while waiting for trains, a building, access to which by the employés and the public generally had for a number of years lain across defendant's tracks. Plaintiff, an extra brakeman employed by defendant for particular trips only, and who had been told that he might be called on to go out on a train during the night, was struck by one of defendant's engines while crossing the tracks to the building, in order to be on hand if called. *Held*, that at the time of the accident plaintiff was not an employé of defendant, in the sense that he assumed the risks of the situation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 144, 150, 153.]

3. RAILROADS—INJURIES TO PERSONS ON TRACK—TRESPASSERS.

Nor was plaintiff at the time a trespasser on defendant's tracks.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1220–1227.]

Appeal from Trial Term.

Action by Harry Best against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

John E. Brennan, for appellant.

Morgan J. O'Brien, for respondent.

WOODWARD, J. The plaintiff was about 35 or 36 years of age. He was injured in an accident upon the defendant's railroad at Seventy-Second street and Eleventh avenue under circumstances which the jury has found entitled him to recover damages, which have been fixed at $17,655.02 by the judgment from which the defendant appeals, as well as from the order denying a new trial.

It appears that Seventy-Second street comes to an abrupt end at the defendant's tracks at the point of the accident; that the defendant had constructed a building, dedicated to the use of the Young Men's Christian Association. and to the defendant's train dispatcher's office, which was located across the tracks from the end of Seventy-Second

street. This Young Men's Christian Association was limited in its membership to employés of the New York Central & Hudson River Railroad Company, and appears to have been a sort of clubhouse for the accommodation of employés while waiting for trains; the members paying the Association for the privileges enjoyed. The plaintiff was not a regular employé. He was an extra brakeman, receiving compensation for each trip made; his time beginning to run from the time that he got on the train, or from the time of his call for the particular service. He had made a trip to Albany, and had returned to New York on a passenger train; had visited the Young Men's Christian Association, and had been told that he might be called upon to go out with a train during the night. He went to his home, and was returning to the Young Men's Christian Association Building at about 9 o'clock in the evening. At the point where Seventy-Second street comes to an end there is a retaining wall, and down this wall is a staircase leading to the defendant's tracks, and this is the way which has been commonly used by the members of the Association, and the public generally, in reaching the Young Men's Christian Association Building for a period of at least 13 years. The plaintiff took this common way of reaching the point. He found a train across the first track. He climbed over this, looked in both directions, and descended to the open space between the next line of tracks, and again looked in both directions. He then stepped forward, and had gone but two or three steps, reaching the next track, when he was run down by one of defendant's locomotives, which was backing down the track without a light, as required by the company's rules. The case was submitted to the jury under a charge to which no exceptions are urged here, resulting in a verdict for the plaintiff.

We are clearly of the opinion that the evidence warranted the jury in finding that the plaintiff had exercised reasonable care in crossing the defendant's tracks. The evidence showed that it was a clear night, but dark; that there was a train on tracks on both sides of the line where the accident happened, thus obscuring the light from an arc lamp near at hand; and that the plaintiff had looked in both directions before proceeding to cross the track. There was no warning given; the locomotive was running backward at the rate of about six miles an hour, without a light; and the plaintiff was not bound to see this locomotive, if he looked, as he says he did, in the direction from which it was coming. There was some evidence of care in approaching this track. The plaintiff looked in both directions, not once, but twice, according to his testimony, which is not contradicted; and from this the jury had a right to hold that he was free from negligence contributing to the accident.

We are equally clear that the plaintiff was not, at the time of the accident, an employé of the defendant, in the sense that he assumed the risks of the situation. He was an extra brakeman, employed for particular trips. He was not going to his work. He was merely returning to the Young Men's Christian Association for the purpose of being on hand if he was called to go out on a trip; and the law is well settled that if the master's negligence is a matter extraneous to his specific employment, or if the injury be received at a time when the

servant is not engaged in his duties, then the servant occupies the position or status of a stranger. Vick v. N. Y. C. & H. R. R. R. Co., 95 N. Y. 267, 274, 47 Am. Rep. 36. He was at the time of the accident a stranger to the defendant. He was a member of the Young Men's Christian Association, going there to enjoy the privileges for which he was paying, and he had the same right to be where he was that any other person would have had, who was lawfully seeking entrance to the building.

Nor was the plaintiff a trespasser, as in the case of Clarke v. N. Y. C. & H. R. R. R. Co., 104 App. Div. 167, 93 N. Y. Supp. 525. The Young Men's Christian Association Building, constructed by the defendant, and which was limited in its membership to employés of the defendant, was in effect maintained by the latter as a waiting room for those who had relations with the company, and the evidence shows that the crossing where the defendant was injured, while not a public highway, had yet been made use of by members of the Young Men's Christian Association and the public for a period of at least 13 years to the knowledge of the defendant; that it was the only practical method of reaching this building. Under such circumstances it was clearly incumbent upon the defendant to use reasonable care to avoid injury to persons lawfully using such crossing. Barry v. N. Y. C. & H. R. R. R. Co., 92 N. Y. 289, 44 Am. Rep. 377; Swift v. Staten Island Rapid Transit R. R. Co., 123 N. Y. 645, 648, 649, 25 N. E. 378, and authorities cited.

The judgment and order appealed from should be affirmed, with costs. All concur.