Before State Industrial Commission, Respondent.

In the Matter of the Claim of Florence A. McCabe, Widow, and Valorous C. McCabe, Son, Respondents, for Compensation to Themselves under the Workmen's Compensation Law for the Death of Valorous C. McCabe, *v.* The Brooklyn Heights Railroad Company, Employer and Self-insurer, Appellant.

Third Department, January 9, 1917.

Workmen's Compensation Law — death of a street car conductor while returning to work — injury not arising out of and in the course of employment — limitation of presumption that claim is within the statute.

A person employed as a conductor on a street surface railroad who, while returning to report for duty twelve minutes ahead of time, was struck and killed by a car of his employer when he alighted from another car on which he was returning to his work, was not at the time engaged in a hazardous employment and his dependents are not entitled to an award under the Workmen's Compensation Law.

Although his employment as a conductor on a street surface railroad was a hazardous employment within the statute, at the time of his death he occupied the position of an ordinary citizen using his employer's cars,

and under the statute to justify an award the injury must arise out of and in the course of the employment.

While, under the statute, it is to be presumed that a case is within the law in the absence of evidence to the contrary, the presumption does not obtain where the evidence shows that the accident occurred outside of the employment.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from an award of the State Industrial Commission, filed in the office of said Commission on the 16th day of March, 1916.

*George D. Yeomans* [*M. B. Hoffman* of counsel], for the appellant.

*Egburt E. Woodbury,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

WOODWARD, J.:

There is no dispute as to the fact that Valorous C. McCabe was an employee of the Brooklyn Heights Railroad Company, and, of course, this corporation operating a street surface railroad is engaged in a hazardous business under the terms of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41). Mr. McCabe was, at the time of the accident in January, 1916, in the public highway on his way to commence work as a conductor, and was run down and killed by one of the defendant's cars. It seems that Mr. McCabe went to work at seven-one in the morning and made what was known as a "swing," and was relieved at ten-seventeen. He had no further duties to perform until twelve-thirty-two, but was required to be on hand five minutes before that time, or at twelve-twenty-seven. The deceased appears to have left the premises of the employer and on returning to his duties at twelve-twenty-seven he rode as a passenger upon one of the cars of the employer for a distance of nine or ten blocks. He was on his way to the station of the employer. He left the car before it reached the station, going out by the front door, and while crossing the public highway, twelve minutes before time for him to report for duty, he was struck by another car of the employer and killed. The State Industrial Commission has

made an award in this case to the widow and son of the deceased.   The employer, its own insurance carrier, appeals.

We are cited to many authorities outside of this jurisdiction which give some color to the contention that this award may be sustained, but it is to be remembered that there is a decided difference in the language of these various statutes; that while in the State of New York the injury must arise out of and in the course of the employment (§§ 10, 3, subd. 7), others merely require that the injury shall occur in the course of the employment.   The Wisconsin act, which affords most of the favorable authorities, provides that "Where, at the time of the accident, the employee is performing service growing out of and incidental to his employment" (Wis. Laws of 1911, chap. 50, as amd. by Wis. Laws of 1913, chap. 599; Wis. Stat. [1915] § 2394-3, subd. 2), which gives room for a broader construction. (See 1 Bradbury W. C. [2d ed.] 334.)

The decedent, while in the general employ of the appellant as a conductor, was not at the time "engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant, or in the course of his employment away from the plant of his employer." (§ 3, subd. 4.)*   He was performing no service in the operation of the employer's railroad; he was merely a citizen on his way to work, using the employer's cars as those of any common carrier of passengers in reaching a point near his destination, and then stepping down into the public highway, where he was run over and killed, just as he might have been if he had been a groceryman, a lumberman or any other man.   He had nothing whatever to do with the operation of the employer's railroad at the time of the accident; he occupied exactly the same relation to the employer that any other passenger would have occupied; and the rule of the statute is that in order to create a liability the injury must be sustained in connection with or incidental to the hazardous employment.   (*Matter of Newman* v. *Newman,* 218 N. Y. 325, 329.)   "The employee is not insured generally against accident while working for the street railway corporation.   At home or on the street he may

---

* Since amd. by Laws of 1916, chap. 622.— [Rep.

meet with accident not arising out of or in the course of his employment. The act does not cover such cases. The employee gets up in the morning, dresses himself and goes to work because of his employment, yet if he meets with an accident before coming to the employers' premises or his place of work that is not a risk of his occupation but of life generally. * * * He was not injured while on duty nor in his working hours nor on his way to or from his duty within the precincts of the company" (*Matter of De Voe* v. *New York State Railways*, 218 N. Y. 318, 320), and the statute has made no provision for the case now before us. It is true, of course, that under the statute (§ 21) it is to be presumed that the case is within the law where there is no evidence to the contrary, but where the evidence shows that the accident occurred outside of the employment there is no room for presumptions, and the employer is still entitled to his property until it is taken from him by due process of law.

The award should be reversed and the claim disallowed.

All concurred; HOWARD, J., not being a member of the court at the time of the decision; SEWELL, J., not sitting.

Award reversed and claim dismissed.