JOHN J. CONNORS, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

*Master and servant — negligence — free transportation.*

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event. Held: 1. The court charged, and the parties acquiesced therein, that the plaintiff, at the time of the injury which is the subject of complaint, occupied the position of an employee. (*Vick* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 267; *Vroom* v. *N. Y. C. & H. R. R. R. Co.*, 129 App. Div. 858; affd., 197 N. Y. 588; *Famborille* v. *Atlantic, Gulf & Pacific Co.*, 155 App. Div. 833; affd., 213 N. Y. 666.) 2. Conceding that the Barnes Act, so called, had application to the conduct of the motorman in the operation and management of the car, it could have no application to the conduct of the person, whether employee or stranger, who left the open switch into which the car ran, resulting in the injury to the plaintiff. The court, therefore, erred in charging that the jury might predicate defendant's negligence upon negligent operation of the car or negligent conduct in leaving the open switch, or both, as a basis of recovery. 3. The motorman occupied the position of a vice-principal in the operation of the car, as declared by the Barnes Act,* while the person who left the switch open was, in the most favorable relation to plaintiff, a coemployee, and for his negligence no liability would arise. All concurred, except Kruse, P. J., who dissented in a memorandum.

KRUSE, P. J. (dissenting): I think the relation of master and servant did not exist between the defendant and plaintiff at the time the latter was injured. He had quit his work and was then on his way home. It can be found from the evidence that the privilege of riding without paying fare was taken into account in fixing his compensation for services, and if so, he was neither a gratuitous passenger nor a bare licensee. While under the circumstances the strict rule applicable to the ordinary passenger may not be applicable, plaintiff was at least entitled to the exercise of reasonable care in transporting him. That was the rule applied by the learned trial judge in his charge to the jury, without objection from either party. If I am right as to the status of the plaintiff at the time he was injured, neither the fellow-servant rule nor the Barnes Act has any application, and the defendant is not absolved because of the negligence of the motorman or any other employee. I think the judgment should be affirmed.

———

* See Railroad Law (Gen. Laws, chap. 39; Laws of 1890, chap. 565), § 42a, as added by Laws of 1906, chap. 657; now Railroad Law (Consol. Laws, chap. 49; Laws of 1910, chap. 481), § 64.— [REP.