PETER J. PIERSON, Plaintiff, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Defendant.

(Supreme Court, New York Trial Term, December, 1917.)

Negligence — master and servant — evidence — who entitled to maintain action for damages — motion to set aside verdict, when denied.

Workmen's Compensation Law, as amended by Laws of 1916, chap. 622 — benefits to new class of employees — statutes.

Plaintiff, a guard in the operation of cars on defendant's railroad, on the arrival of his train at a certain station where his duties ceased, remained on the train on its return trip so as to keep an appointment with his dentist, and was caught in the wreckage of a collision between his train and another and was severely burned. There was no evidence that defendant permitted its employees when off duty to ride in a passenger car in uniform or that when so riding such employees were riding at their own risk; nor was evidence offered to show that employees so riding released defendant from liability by reason of its negligence, or that an employee when so riding was to be treated differently than any other citizen. *Held,* that plaintiff was as matter of law a passenger and entitled to maintain an action for damages and that a motion to set aside a verdict in his favor will be denied.

That while the amendment (Laws of 1916, chap. 622) to the Workmen's Compensation Act adds a new class of employees who theretofore had been excluded from its benefits it does not provide that a person not in the service of the employer when injured is an employee, and, therefore, plaintiff was not entitled to any relief under that statute.

MOTION by defendant to set aside the verdict of a jury and to dismiss the complaint.

James L. Quackenbush (Frederick J. Moses, of counsel), for motion.

Frank L. Tyson (John C. Robinson, of counsel), opposed.

BROWN, J.   The plaintiff was employed by the defendant as a guard in the operation of its cars on the Third Avenue Elevated railroad; his duties as guard ceased on the arrival of his train at Bronx Park station at two-ten P. M. on June 8, 1916; he had no duties to perform for the defendant in the course of or as incidental to his employment until four fifty-eight P. M. on that day; he remained on the train intending to return with it on its southerly trip, obtain his pay on arrival at One Hundred and Twenty-ninth street, provided too many men were not in line ahead of him at the car, and continue by the same train to Ninetieth street and keep an appointment with his dentist; he entered the forward passenger car of the train, took a seat near the middle of the car and began reading a newspaper when the train started. At about One Hundred and Fiftieth street the train on which he was riding ran into a train of the defendant standing upon the same track; plaintiff was caught in the wreckage of the collision and severely burned. It did not appear on the trial whether the plaintiff had paid his fare or not; it did appear that he was wearing his uniform and cap as a guard at the time of the accident. It did not appear that the wearing of the uniform was of any importance in determining his status. The plaintiff's verdict was upon the theory that he was a passenger and was entitled to rest his case upon proof of the collision. The defendant asserts that the plaintiff was an employee and bound to prove that the collision was not the fault of a fellow-servant; that the plaintiff is entitled to the relief provided by the Workman's Compensation Act, and that that relief was exclusive.

There was no dispute as to any item of evidence touching plaintiff's status at the time of his injury, and it was held as a matter of law that the plaintiff was a passenger and entitled to maintain this action as

such. The correctness of this holding is challenged by the defendant by this motion. The chief argument of the defendant is that the plaintiff, being an employee as guard, must be held to be an employee when off duty equally as when on duty and that the doctrine of *res ipsa loquitur* is of no aid to the plaintiff, citing many cases.

In *Marceau* v. *Rutland R. Co.,* 211 N. Y. 203, the plaintiff was a fireman at work upon the engine doing the things he was employed to do and of course was an employee.

In *Vick* v. *N. Y. C. & H. R. R. R. Co.,* 95 N. Y. 267, the deceased was employed to go to and from his work, upon the train upon which he was riding when killed; the train was furnished by the defendant for the purpose of transporting decedent and other employees of defendant to and from their work; the decedent was required to be on the train under his contract of employment; it was not a passenger train; it was an employee's train; decedent was not entitled to transportation as a passenger; he was being transported as an employee.

In *Henson* v. *Lehigh Valley R. R. Co.,* 194 N. Y. 205, the plaintiff was at work as a brakeman upon the train on which he was injured.

In *Gill* v. *Erie R. R. Co.,* 151 App. Div. 131, the plaintiff was employed at an annual salary, was traveling upon a pass the use of which by a person other than an employee was a misdemeanor, and the finding was that the plaintiff was engaged in his duties as an employee of the defendant at the time of his injury.

In *Connors* v. *International R. Co.,* 176 App. Div. 941, the car was not being used by the defendant as a passenger car at the time the plaintiff was injured; the defendant was not a carrier of passengers in the handling of the car.

In *McCabe* v. *Brooklyn Heights R. R. Co.*, 177 App. Div. 107, the deceased on returning to his duties as a conductor " rode as a passenger upon one of the cars of the employer for a distance of nine or ten blocks * * * He was performing no service in the operation of the employer's railroad; he was merely a citizen on his way to work, using the employer's cars as those of any common carrier of passengers in reaching a point near his destination. * * * He had nothing whatever to do with the operation of the employer's railroad at the time of the accident; he occupied exactly the same relation to the employer that any other passenger would have occupied."

It is believed that there is no hard and fast rule of law in this state that prevents under all circumstances an employee of a railroad company from becoming a passenger when off duty; that prevents an employee from ceasing to be an employee and becoming a passenger, thus entitling him to the same degree of care on the part of the railroad company to protect him from injury as is accorded a passenger.

The plaintiff was not on duty when hurt; he was not in the service of the defendant; he was not employed to be upon the train that collided with another of defendant's trains; he had no business on that train as an employee of the defendant; the defendant had no control over his occupation or conduct; the plaintiff was employed by the hour or trip, four round trips constituting one day's work, for which he was paid two dollars and thirty-five cents; he had completed the trip, divested himself of his character as an employee or servant, was not being paid by defendant, and had no duties of any character to perform for defendant for over two hours; he was a stranger to the defendant on that train; had he paid his fare, that he was a paying passenger would not have been questioned; he was in

defendant's passenger car, seated, reading a news-paper, as any other passenger. There was no evidence that defendant permitted its employees when off duty to ride in its passenger cars when wearing their uni-forms, or that when so riding such employees were rid-ing at their own risk; no evidence was offered that employees so riding released defendant from liability by reason of defendant's negligence, and no evidence was offered that an employee when so riding was to be treated any differently than any other citizen.

"The law is well settled that if the master's negli-gence is a matter extraneous to his specific employ-ment, or if the injury be received at a time when the servant is not engaged in his duties, then the servant occupies the position or status of a stranger. (*Vick* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 274.) He was at the time of the accident a stranger to the defendant." *Best* v. *N. Y. C. & H. R. R. R. Co.*, 117 App. Div. 741.

If a servant of a railroad corporation divests him-self of his character as a servant or fellow-servant, and becomes a paying passenger on the cars of the railroad, he will doubtless acquire and possess all the rights of a passenger or of any third person unconnected with the master. *Ross* v. *N. Y. C. & H. R. R. R. Co.*, 5 Hun, 497; affd., 74 N. Y. 617.

It was said in *McGucken* v. *W. N. Y. & P. R. R. Co.*, 77 Hun, 69, of a railroad employee traveling on a pass, to perform certain work, "He was a passenger — though a free passenger — and his place was in the passenger car."

The plaintiff is not entitled to any relief under the Workmen's Compensation Act. The amendment of 1916, chapter 622, while adding a new class of employees who theretofore had been excluded from its benefits, does not provide that a person not in the serv-ice of the employer is an employee. The statute still

requires the applicant for relief to be in the service of the employer when injured.

There has not been cited any authority in this state squarely holding that an employee off duty riding as a passenger, solely in pursuit of his own pleasure or business, must as a matter of law be held to be an employee while so riding. In 6 Cyc. page 544, it is said, " But as it is customary to give free transportation to employees as a part of the consideration for their services, an employee so riding, not for the purpose of rendering any service but for his own pleasure or advantage, is a passenger." Citing authorities in many states. The only authority in New York that even superficially seems to hold otherwise is *McLaughlin* v. *Interurban St. R. Co.*, 101 App. Div. 134, in which case the injured plaintiff specifically alleged that he was an employee seeking benefits under the Employers' Liability Act.

In the case at bar every fact touching the plaintiff's status at the time of his injury being conceded, it was established as a matter of law that the plaintiff was a passenger at the time of his injury. The conclusion is reached that defendant's motion must be denied.

**Motion denied.**