SECOND DEPARTMENT, MARCH, 1918.

THOMAS TULLY, Respondent, v. CRANFORD COMPANY, Appellant.

*Negligence — highway — liability of contractor building subway — master and servant.*

Reargument of an appeal by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 16th day of March, 1917, in favor of the plaintiff, and also from an order entered on the 28th day of March, 1917, denying its motion for a new trial. (See 181 App. Div. 898.)

Judgment and order affirmed on reargument, with costs. No opinion. Mills, Rich and Kelly, JJ., concurred; Jenks, P. J., read for reversal, with whom Blackmar, J., concurred.

JENKS, P. J. (dissenting): I dissent. In August, 1914, the defendant, a contractor with the city of New York for building a subway in a city street, lawfully constructed, as incidental to the work, a temporary street surface of wooden planks and beams, so that the thoroughfare was kept open for use of traveler and traffic. Between 7 and 8 A. M. of November 10, 1914, the plaintiff, a traveler, left the curb in his attempt to cross to the opposite sidewalk. As he stepped upon a plank of the sidewalk, the plank rose in air and cast him down to his injury. He has recovered a verdict at Trial Term for the negligence of the defendant, and this court is about to affirm the judgment and order. The obligation of the defendant was the same as that of the city if the city had constructed and had maintained this street. (*Schmidt* v. *City of New York*, 179 App. Div. 667, and cases cited.) It was to exercise reasonable care and vigilance; and negligence is the ground of liability. (*Hunt* v. *Mayor*, etc., 109 N. Y. 134, 141.) The proof made by the plaintiff was not supplemented or strengthened by that made by the defendant. The plaintiff testifies only that the plank when trod upon rose up, and that, when it went up, it di ˙ not have any nails in it. The plaintiff was supported only by his witness Carney, 10 or 12 feet distant at the time, who testifies that when the plank went up he did not see " any nails or anything." This witness did testify that there were no nails, but that statement obviously rests upon his sight at the instant the plank tilted, for he testifies that thereafter he did not go to look at the plank and did not examine it. The plaintiff testifies that after the casualty he did not go to look at the plank, and that he could not say whether the planks were loose or were nailed. And Carney gives like testimony, adding: " I could not say " whether they had ever been nailed down. " I guess they were nailed down a good many times." On the other hand, the plaintiff testifies that this plank did not appear defective or unfastened, but safe, secure and level in its place. The defendant showed that in the construction of this fabric all of the planks had been fastened by four-inch nails; that there had been constant inspection, with action whenever required. The defendant called three policemen, who at different times had patrolled in this locality constantly, of whom none had ever observed any defect at this place. If the plaintiff's proof justified the finding that there were no nails in the plank that rose up, that finding did not import that the plank was not nailed down when the plaintiff trod upon it. There is no proof as to the manner of the nailing that indicates that this plank must carry with it, and not leave in the other planks, any nails that held it in place. The principle of proof known as *res ipsa loquitur* did not apply. (*Schmidt* v. *City of New York*, *supra*; *Ludwig* v. *Metropolitan St. R. Co.*, 174 N. Y. 546; *City of Atlanta* v. *Stewart*, 117 Ga. 144; *City of Columbus* v. *Ogletree*, 96 id. 177; *Cunningham* v. *Dady*, 191 N. Y. 152.) In a great public thoroughfare like this, open to travel and traffic, there were many possible, if not probable, agencies that could have loosened

this plank even between nightfall and eight o'clock of the following morning. Affording to plaintiff a benefit even beyond his proof, the liability of the defendant must rest upon the isolated fact that this plank was not nailed down so that it could not tilt when the plaintiff trod upon it. I say " beyond his proof " for the reason that the testimony that the plank was not nailed down is, as I have said, to my mind rather negative, and not conclusive. There is no proof of actual notice. There was not proof to support the proposition of implied notice. Even the plaintiff testifies that the plank was level and seemed entirely safe and secure as he stepped upon it. There is no proof that shows that the plank was loose for any period of time before the casualty. There is proof of constant inspection — proof neither contradicted nor criticised. No fault is found with the method of construction, no sufficient proof is made of any negligence in the construction, unless it is insisted that the looseness of the plank at the moment is sufficient to indicate that it had not been nailed down when the sidewalk was built two months before. It seems to me that such a conclusion is too violent when I recall the uncontradicted proof of the construction and of the constant inspection, and when I consider that during the two months that intervened the construction and the casualty many others must have stepped upon this plank after the manner of this plaintiff, and that in the nature of things the defect of this day might be ascribed to other causes than an omission to nail it down when it was originally put in its place two months before. I think that the liability about to be cast upon the defendant is as if it were an insurer, and, therefore, I dissent. I am of opinion that the plaintiff was not confined to the Workmen's Compensation Law. Although he was in the employment of the defendant, he was using the street at the time as a way from his home to his place of work which was outside of the street, as he would use any street that afforded access. (See *McCabe* v. *Brooklyn Heights Railroad Co.*, 177 App. Div. 107, citing *Matter of Newman* v. *Newman*, 218 N. Y. 325, 329; *Matter of De Voe* v. *N. Y. State Railways*, Id. 318, 320.) I vote to reverse the judgment as against the weight of the evidence, and to grant a new trial. Blackmar, J., concurred.