HENDRICKS v. SEEMAN BROS.

Appeal of EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited.

(No. 244/57.)

(Supreme Court, Appellate Division, Third Department.   November 10, 1915.)

1. MASTER AND SERVANT ⬥87½, New, vol. 16 Key-No. Series—INJURIES TO
SERVANT—WORKMEN'S COMPENSATION ACT.
    Under Workmen's Compensation Act (Consol. Laws, c. 67) § 2, group 41,
declaring that the operation of a grocery truck on a highway is a hazard-
ous employment for which compensation may be awarded in case of acci-
dent, compensation may be awarded, not only to the driver of a truck, but
to his helper; it appearing that two men were necessary, either to load or
unload the goods, or to protect them during transit.

2. MASTER AND SERVANT ⬥87½, New, vol. 16 Key-No. Series—INJURIES TO
SERVANT—WORKMEN'S COMPENSATION ACT.
    Where the helper on a grocery truck, who did not operate the vehicle,
ordered boys from the rear, and when they refused to leave jumped off to
drive them away, he was acting in the scope of his employment; and
where death resulted from a fall when he jumped, compensation may be
had, for it may be fairly said he was acting in his duty to protect the
property of his employer under his control.

3. MASTER AND SERVANT ⬥250¾, New, vol. 16 Key-No. Series—INJURIES TO
SERVANT—WORKMEN'S COMPENSATION ACT—FINDINGS.
    Under Workmen's Compensation Act, § 20, a finding of dependency by
the Commission is final, when there is any evidence in its support.

Appeal from Workmen's Compensation Commission.

Proceedings under the Workmen's Compensation Act by Charlotte
Hendricks, for compensation for the death of Richard Hendricks,
against Seeman Bros., the employer, and the Employers' Liability
Assurance Corporation, Limited, the insurer.   From an award of
compensation by the Workmen's Compensation Commission, the de-
fendants appeal.   Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD,
and WOODWARD, JJ.

Bertrand L. Pettigrew, of New York City (Walter L. Glenney, of
New York City, of counsel), for appellant.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Deputy Atty. Gen.,
and Jeremiah F. Connor, of New York City, of counsel), for respond-
ent.

HOWARD, J.   The deceased was a "helper" on an automobile
truck used as a delivery wagon by his employers, who were wholesale
grocers.   While the vehicle was proceeding along Broadway, in New
York City, some boys were hanging on the rear of the truck.   The de-
ceased ordered the boys to get off, but they refused to do so, where-
upon he jumped off the truck to drive them away, and in doing so
fell upon the pavement, fractured his skull, and death resulted.

[1] Under group 41 of section 2 of the act, the operation of a
truck on a highway is a hazardous employment, for which compensa-
tion may be awarded in case of an accident which results in injuries.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is conceded by the appellant that the operation of the vehicle in question comes within the language of group 41, but it is contended that the helper on such a truck is not one who operates the truck. If the word "operation" is to be restricted to the actual process of driving the truck—that is, steering it and manipulating the brakes and levers—then, of course, the deceased was not engaged in the operation of this truck. But no such narrow construction should be placed upon the expression "operation of trucks." In order to operate this truck, used in the wholesale grocery business, the proprietors of the concern found it necessary to employ two men. There were other duties required of these men beyond the mere matter of driving the truck. Presumably goods were to be loaded and unloaded and delivered; and in driving through the streets of the city it was thought necessary by the employers, very likely, to have one person guard and look after the load, to prevent articles being lost or stolen, while the other person was driving the truck. All these various labors made up the duties of the men and constituted the operation of the truck. Therefore it must be held that the deceased was engaged in the operation of the vehicle.

[2] And we think his injuries arose out of and in the course of his employment. It was undoubtedly a part of his duty to protect the load and drive away meddlesome persons and mischievous boys. Certainly his injury arose "out of" the fact that he was employed on the truck, and it may be fairly said it arose "in the course of" his duty to keep these troublesome boys from doing damage to his employers' wagon and goods. In attempting to perform this duty he was fatally injured. That he was impetuous and imprudent, if such be the fact, bears not at all upon the question before us. The English cases cited by the appellant are not sufficiently parallel with the case at bar to serve as a guide to us here.

[3] The Commission has found as a fact that the mother and brother of the deceased were dependent on him for support at the time of his death. We believe the evidence fairly warranted this finding; but, in any event, under section 20 of the act, when there is any evidence, the decision of the Commission is final, and this court is not authorized to review.

The award should be affirmed. All concur.