Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHRISTINE HOFFMAN, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Son, WILLIAM HOFFMAN, *v.* ROBERT VAN BENTHUYSEN COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, January 5, 1921.

**Workmen's Compensation Law — when mother not dependent on son.**

The claimant was not dependent on her son at the time of his death since the evidence shows that at that time she was receiving from her husband and several children approximately one hundred dollars per week and that

she was the owner of two houses with an equity of several thousand dollars and with an income therefrom of approximately fifty-four dollars per week.

APPEAL by the defendants, Robert Van Benthuysen Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 29th day of March, 1920.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* and *Bernard L. Shientag* of counsel], for the respondent State Industrial Commission.

*William V. Hagendorn* [*Joseph M. Conroy* of counsel], for the claimant, respondent.

KILEY, J.:

The claimant is the mother of William Hoffman, who was an electrician's helper, and worked as such for the appellant employer, whose place of business is 243 Canal street, New York city. He was twenty-two years old, and on the 9th day of December, 1919, while engaged at his regular employment, for his employer, at Upper Nyack, N. Y., fell into the water and was drowned. The Industrial Commission has made an award to claimant, his mother, as a dependent at the time of his death of five dollars and seventy-seven cents a week. The insurance carrier resists payment upon the ground that the evidence does not warrant the conclusion that claimant was dependent upon the deceased at the time of his death. The evidence in this case shows that the claimant was the business end of a large family, and at the time of the death of William her husband earned twenty dollars a week and gave it all to her; that William, the deceased, was earning twenty dollars a week and that he gave it all to the claimant; her son Herman gave her seven dollars a week for his board; her son Charles gave her seven dollars a week for his board; she expected ten dollars a week from Henry; her son George pays her fifteen dollars to eighteen dollars a week; her daughter Margaret was earning ten dollars a week and gave it all to claimant; Ferdinand earned ten dollars a week and gave it all to her;

for all paying over seven dollars she purchased their clothes and paid car fare. She purchased two houses, one in which the family lived, a double house, for which she agreed to pay five thousand and fifty dollars, and rents part of that house for fourteen dollars and fifty cents a month. Nine years before William's death she purchased another house for which she agreed to pay six thousand dollars and for which she was receiving forty dollars or forty-one dollars a month rent. Upon this property which she had acquired she had paid, out of this income down to the time of William's death, sufficient so that she had an equity of three thousand four hundred and fifty dollars in the property at the purchase price, which in 1919 must have advanced in value considerably over the sum, and she was making her payments regularly at the time of the hearing in March, 1920. The title was in claimant; she was fifty-four years old; her husband was sixty-one years. If we could calculate with the future in view, this award might be upheld, but it is conditions at time of the accident which resulted in death, under the Workmen's Compensation Law, with which we have to reckon. (Workmen's Compensation Law, § 16, subd. 4, as amd. by Laws of 1916, chap. 622.) Turn these facts which way you will, the inference is irresistible that because two of the boys anticipated marriage, thus decreasing her income, claimant anticipated that in the future she would not be able to save as much as she had in the past to pay upon her real estate investments.

Respondent's attorney, William V. Hagendorn, put in a brief citing as authority *Matter of Hendricks* v. *Seeman Bros.* (170 App. Div. 133); *Matter of Rhyner* v. *Hueber Bldg. Co.* (171 id. 56) and *Matter of Walz* v. *Holbrook, Cabot & Rollins Corp.* (170 id. 6), which come perilously near sustaining respondent's contention. I think *Birmingham* v. *Westinghouse Electric & Mfg. Co.* (180 App. Div. 48); *Wilkes* v. *Rome Wire Co.* (184 id. 626) and *Frey* v. *McLoughlin Bros., Inc.* (187 id. 824), are controlling. These authorities seem to be applicable to the facts presented here.

The award should be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed.