KAROLINE NESTER, Appellee, v. H. KORN BAKING COMPANY, Appellant.

**MASTER AND SERVANT:** Workmen's Compensation Act—''Arising
1  **Out of and In the Course of.''**  The death of an employee *arises out of and in the course of the employment* when his ordinary duty was to make deliveries of freight and to do other haulings with a horse and vehicle belonging to the master, and when he is killed while, with the implied consent of the master, he was at breakfast at his own home, and while he was attempting to protect the horse and vehicle from danger; and this is true, notwithstanding a measure of negligence on the part of the employee, and notwithstanding a technical violation at the time by him of a city ordinance.

**INTEREST:** Right in General—Matured Installments Under Compen-
2  sation Act.  Interest may be allowed on matured and unpaid installments of compensation under the Workmen's Compensation Act.

*Appeal from Scott District Court.*—WILLIAM THEOPHILUS, Judge.

DECEMBER 15, 1922.

APPEAL from an award and judgment in the district court under the Workmen's Compensation Law. Defendant appeals.— *Affirmed.*

*Lane & Waterman,* for appellant.

*Henry Vollmer,* for appellee.

STEVENS, C. J.—Kasper Nester, the husband of claimant, was one of the employees of the H. Korn Baking Company, appellant, in the city of Davenport, and was killed on the morning of April 25, 1910, by being struck by a locomo-

**1. MASTER AND SERVANT: Workmen's Compensation Act: "arising out of and in the course of."**

tive. He was employed by appellant as a stableman, and his duties, in addition to taking care of its horses, required him to make delivery of freight to and from depots and to haul ashes away from its plant. He usually went on duty about 3 o'clock in the morning and worked until 5 P. M. When he went to his home in the morning for breakfast, he was accustomed to drive one of appellant's horses, which he used in hauling freight and ashes. There was a railroad track in the street abutting upon his residence. He usually tied the horse to a telephone pole a short distance from his residence, but on the morning in question, he left the horse unhitched in the street directly in front of the kitchen in which he ate his breakfast, and where he could watch it. Discovering the approach of a late train, he ran to the street, caught hold of the horse, and, while attempting to quiet it and get it out of the way of the train, he was struck. by the engine and killed. The evidence showed that, while breakfast was served to its employees by appellant at its plant, the deceased always went home for his breakfast. The testimony also tended to show that employees of appellant were instructed not to leave horses unhitched in the street, and that a weight was furnished them for use when a hitching post was not convenient. Deceased had no weight with him at the time of the accident.

It is the claim of appellant that the injuries resulting in the death of Nester did not arise in the course of or out of his employment, and that he was killed while upon an errand for

himself; that he had removed a pan of ashes from his residence and placed it in the wagon for the purpose of hauling the ashes to a dump.

It is also contended that, but for the violation of the orders and directions given him by appellant not to leave his horse unhitched in the street, the accident could not have happened, and that, therefore, claimant should be denied compensation.

It is further contended by appellant that the horse was left unhitched, in violation of an ordinance of the city of Davenport, and that Nester was, therefore, guilty of negligence. If the injuries of deceased were received in the course and grew out of his employment, compensation was properly awarded, notwithstanding such negligence, if any, upon his part as was shown by the evidence. *Christensen v. Hauff Bros.*, 193 Iowa 1084.

The evidence further shows that it was the custom of deceased to drive one of appellant's horses when he went home for breakfast, and that this was with the knowledge, consent, and approval of appellant. The secretary and manager of appellant testified that it was the understanding that deceased could go home for breakfast, and that it was to the interest of both parties that he use the horse and wagon for that purpose. The violation of the city ordinance and of appellant's instructions was, at most, technical, as deceased's residence was near the street, and he remained at all times in view of the horse and wagon, and as soon as he heard the train approaching, ran to the rescue of the horse; and his death occurred while he was attempting to control it and prevent its being injured.

It is true that deceased was not, at the time, at work at appellant's barns, or hauling freight to or from a depot in the city of Davenport, but he was in charge of the horse and wagon of appellant, which he used in hauling freight and ashes for appellant. He had stepped aside from his customary duties only long enough to take necessary refreshments, and was hurrying to return to work. The mere placing of a pan of ashes from his own furnace in the wagon, to be hauled to the dump with other ashes from appellant's plant, is of little or no importance.

Compensation was awarded claimant by the arbitration committee, which was sustained on review by the industrial com-

missioner, and by the district court upon appeal.  We are of the opinion that, under the prior decisions of this court and the weight of authority in other jurisdictions, the award of the commissioner should be sustained.  *Griffith v. Cole Bros.,* 183 Iowa 415; *Pace v. Appanoose County,* 184 Iowa 498; *Rish v. Iowa Portland Cem. Co.,* 186 Iowa 443; *Clem v. Chalmers Motor Co.,* 178 Mich. 340; *Zabriskie v. Erie R. Co.,* 86 N. J. L. 266 (92 Atl. 385); 1 Honnold on Workmen's Compensation 390, 397; Bradbury on Workmen's Compensation (3d Ed.) 471; *Swanson v. Latham,* 92 Conn. 87 (101 Atl. 492); *Osterhout v. Latham,* 92 Conn. 91 (101 Atl. 494); *Hendricks v. Seeman Bros.,* 170 App. Div. 133 (155 N. Y. Supp. 638); *Larke v. Hancock Mut. Life Ins. Co.,* 90 Conn. 303 (97 Atl. 320).

While none of the above cases involve identical facts, they do, in principle, sustain the finding of the commissioner and of the court below.  Deceased was in the custody of the horse and wagon of appellant, and was using it to transport himself to and from breakfast, under a mutual arrangement between himself and appellant, and, as stated by the secretary and manager of the latter, for their mutual benefit.  We think compensation was properly awarded.

The only remaining question relates to the right of the claimant to interest upon deferred payments.  The Workmen's Compensation Law makes no provision for interest on such payments, but we see no reason why Section 3038 of the Code, which provides that interest shall be allowed at 6 per cent on money after the same becomes due, is not applicable to past-due installments under this act.  The decree of the court below so provided.  The only cases bearing upon the taxation of interest on overdue payments that has been brought to our attention are *McMurray v. Peabody Coal Co.,* 281 Ill. 218, and *Chicago & Inter. Traction Co. v. Industrial Board,* 282 Ill. 230, both of which sustain our conclusion that interest at the legal rate is allowable.

2. INTEREST: right in general: matured installments under Compensation Act.

The judgment and decree of the court below should be affirmed, and it is so ordered.—*Affirmed.*

WEAVER, EVANS, PRESTON, and ARTHUR, JJ., concur.