In the Matter of the Claim of MINNIE COHEN, Respondent, against STANDARD AUTOMOTIVE SALES AND SERVICE, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Award reversed and matter remitted, with costs against the State Industrial Board, on the ground that dependency is not established. Hill, P. J., Rhodes, McNamee and Bliss, JJ., concur; Crapser, J., dissents, with an opinion.

CRAPSER, J. (dissenting). The question presented is that of dependency. The claimant in this matter, the mother of Henry Cohen, deceased, and Harry Cohen, set up her two sons in business in a partnership prior to the death of Henry Cohen. They remained in business for some time and then in the year 1931 were incorporated under the name of Standard Automotive Sales and Service, Inc. The claimant held forty-nine shares of stock, Betty Cohen, the wife of Harry Cohen, held fifty shares, and the attorney, Meyer Miller, held one share. The deceased was unmarried and lived with his mother in a home by himself and his mother, the claimant in this matter. The property in which they, the deceased and claimant, lived at the time of his death is located at 17 Doran street, Rochester, N. Y., and reverted to her. A second mortgage on the property had been paid off shortly before the death of the deceased by him. She received $6,000 life insurance upon his death. She claims that the deceased received $45 a week from the employer corporation which was a family affair in which the claimant owned forty-nine shares; that he brought the money home and gave it to her each week, and that she had no other property except the Doran street house. She was questioned about a $16,000 mortgage which she had formerly owned, but she said she had not owned it for some years before the death of the decedent. The house was worth somewhere in the neighborhood of $3,000 and was mortgaged for $1,400. The mother and son lived in one side of the house and rented the opposite side for $4 per week. At times the rent was not paid and they received nothing. The claimant was very reluctant to testify about her interest in the Standard Automotive Sales and Service, Inc. This business it appears was in bad financial condition at the time of the accident which resulted in the death of Henry Cohen. Shortly after the site was taken over by another concern and the mother left the Doran street house and took a small apartment. Henry Cohen's life was insured for $6,000 in favor of his mother and she collected the money upon the policy. So far as the record shows, at the time of the death of Henry Cohen he lived with his mother and turned over to her his check for $45 per week upon which they lived. She had no other property except the

862

Doran street property, Henry's interest in which reverted to his mother. After his death and during the hearing upon her claim she traded her equity in the Doran street house for a gas station, using some of the $6,000. She says she invested the money to help her son Harry get a living for his family. The record does not show how much of this $6,000 went into the gas station. She denies that she has collected anything from the gas station but admits that the son has paid the taxes and interest upon the station for the past six months. Her son Harry testifies that he has given his mother $50 to $70 per month with which to carry the charges upon the gas station. Dependency must be determined as of the time of the accident and there must be some competent evidence to show the fact of dependency. The question of dependency is one of fact and where there is evidence to support it it is final and conclusive and cannot be disturbed by this court. (*Matter of Hendricks* v. *Seeman Bros.*, 170 App. Div. 133.) The evidence of the mother is sufficient to support the claim of dependency at the time of Henry's death. The award appealed from should be affirmed, with costs to the State Industrial Board.